**Kenneth HICKMAN, Appellant,**

v.

**David MOYA, Appellee.**

No. 10–98–079–CV.

Court of Appeals of Texas,
Waco.

Sept. 9, 1998.

Rehearing Overruled Sept. 23, 1998.

Kenneth Hickman, Gatesville, pro se.

Charles K. Eldred, Asst. Atty. Gen., Austin, for appellee.

Before DAVIS, C.J., VANCE, J., and McDONALD, Chief Justice (Retired).

## OPINION

FRANK G. McDONALD, Chief Justice (Retired).

Appellant Hickman appeals an order of the trial court dismissing his *pro se in forma pauperis* lawsuit as frivolous.

Appellant, an inmate confined in the Hughes Unit in Gatesville, filed suit against Appellee Moya, Warden of the Hughes Unit, alleging Appellant had requested, but was denied, some of his personnel records in possession of the Hughes Unit, namely, Service Investigation Worksheet from disciplinary case 980031739; Preliminary Investigation Report Form I–210 from disciplinary case 980031739; Hearing Worksheet from disciplinary case 980031739; all written statements by Officer Raymond Watkins from case 980031739; and Appellant's classification records.

Appellant alleges he had a statutory right to the records he seeks on the grounds that the records concern him, and that Appellee is not exempt from disclosing such records pursuant to § (b), Government Code 552.028.

Appellant sought declaration from the trial court that Appellee's refusal to disclose such records is unlawful, and an order that Appellee make the requested records available to him. Appellant attached to his petition his pauper's affidavit, printout from his trust account, and a list of prior lawsuits he had filed.

The trial court dismissed Appellant's suit pursuant to Chapter 14 of the Texas Civil Practice and Remedies Code, finding the action was frivolous and malicious because the claim had no arguable basis in law or fact. The court further found that Appellant had failed to state a cause of action.

Appellant appeals on one point of error: "The trial court erred in dismissal of action on the ground that under Vernon's Annotated Government Code 552.028(b), Appellant is entitled to disclosure of records pertaining to him."

Appellant asserts he was the subject of a false report which resulted in considerable harm to him in preventing his potential release on parole and "actual punitive cell placement" for a year. He asserts the rec-

ords are paramount to his ascertaining what steps to take in seeking corrective action, and asserts his entitlement to the records under Government Code, Chapter 552.

Appellant filed a pauper's affidavit pursuant to Rule 145, Texas Rules of Criminal Procedure. Chapter 14, § 14.003 of the Texas Civil Practice & Remedies Code applies to suits brought by an inmate who has filed an affidavit of inability to pay costs. Section 14.003(a) allows a court to dismiss a suit before or after process is served if the court finds: ....(2) the claim is frivolous or malicious.... In determining whether a claim is frivolous or malicious the court may consider whether (1) the claim's realistic chance of success is slight; (2) the claim has no basis in law or fact....

Section 552.028, Request for Information from Incarcerated Individual.

(a) A governmental body is not required to accept or comply with a request for information from an individual who is imprisoned or confined in a correctional facility.

(b) Subsection (a) does not prohibit a governmental body from disclosing to an individual described by the subsection information held by the governmental body pertaining to that individual.

■ A governmental body is not required to furnish requested information to an inmate but is not *prohibited* from disclosing information to an inmate pertaining to the inmate. Thus it is discretionary with Appellee whether to furnish the requested information to Appellant, or to not furnish him the requested information.

The record reflects the prison authorities denied Appellant's request for the information he sought. Section 552.028 does not mandate that Appellee furnish Appellant the information. Appellant has not stated a cause of action and the trial court's dismissal of his lawsuit was proper under the provisions of Chapter 14, Texas Civil Practice & Remedies Code.

Appellant's point is overruled. The judgment is affirmed.