**Alvin Lee HARRISON, Appellant,**

v.

**John VANCE, District Attorney, Appellee.**

No. 05–99–00536–CV.

Court of Appeals of Texas, Dallas.

Nov. 27, 2000.

Alvin Harrison, pro se.

Grant Hugh Brenna, Asst. Dist. Atty., Dallas, John C. Vance, Crim. Dist. Atty., Dallas, for Appellee.

Before Justices MOSELEY, O'NEILL, and RICHTER.

## OPINION

RICHTER, Justice.

The trial court dismissed appellant's suit for mandamus to compel the District Attorney to disclose information regarding grand jury proceedings in appellant's underlying convictions for murder and aggravated robbery. In two points of error, appellant contends the trial court abused its discretion in dismissing his mandamus action as frivolous. We overrule appellant's points of error and affirm the trial court's order.

### Factual and Procedural Background

Appellant is currently serving a life sentence in the Hughes Unit at Gatesville, Texas. Appellant alleges he sought disclosure of grand jury proceedings from the Dallas County District Attorney in July of 1997. The grand jury proceedings sought by appellant relate to the case in which he was convicted and for which he is currently imprisoned. Appellant made his request for information through the Open Records Act. Tex.Gov't Code Ann. § 552.001–552.353 (Vernon 1997). After no disclosure was made by the District Attorney, appellant filed a suit for mandamus, along with an affidavit of inability to pay costs. Appellant sought an order from the trial court requiring the Dallas County District Attorney to provide appellant with the information he requested. The District Attorney filed a motion to dismiss appellant's suit. The trial court dismissed appellant's suit as frivolous pursuant to § 14.003(a)(2) of the Texas civil practice and remedies code. Appellant now appeals the trial court's dismissal.

### Standard of Review

We review the trial court's determination that appellant's claim was frivolous under an abuse of discretion standard. *See Barnum v.. Munson,* 998 S.W.2d 284, 286 (Tex.App.—Dallas 1999, pet. denied). The trial court abuses its discretion when it acts without reference to any guiding rules and principles. *Morrow v. H.E.B., Inc.,* 714 S.W.2d 297, 298 (Tex.1986).

### Dismissal of Frivolous Claim

Appellant filed an affidavit of inability to pay costs associated with his mandamus action pursuant to Rule 145 of the Texas Rules of Civil Procedure. Section 14.003 of the civil practice and remedies code governs the dismissal of a claim brought by an inmate filing an affidavit of inability to pay costs. A court may dismiss a claim, either before or after service of process, if the court finds the claim was frivolous or malicious. Tex.Civ.Prac. & Rem.Code Ann. § 14.003(a)(2) (Vernon 1997). When determining whether a claim is frivolous, the court may consider whether: (1) the claim's realistic chance of ultimate success is slight; (2) the claim has no arguable basis in law or in fact; (3) it is clear the party cannot prove facts in support of the claim; or (4) the claim is substantially similar to a previous claim filed by an inmate because the claim arises from the same operative facts. Tex.Civ.Prac. & Rem. Code Ann . § 14.003(b) (Vernon 1997).

Although appellant asserts two points of error, his sole complaint on appeal is that the trial court abused its discretion in dismissing his claim as frivolous because disclosure of the information he requested is required under the Open Records Act. In determining whether appellant's claim has an arguable basis in law, we must examine whether disclosure of the requested information is required.

### Public Information Act

Appellant's request for disclosure of grand jury information is governed by Chapter 552 of the government code. Tex. Gov't Code Ann . § 552.028 (Vernon Supp. 2000). At the time appellant made his request for disclosure, appellant's request was governed by § 552.027 of the government code.[1] Under this statute, a governmental body may, but is not required, to accept or comply with a request for information from an individual imprisoned or confined in a correctional facility. Tex. Gov't Code Ann. § 552.027(a)-(b) (Vernon 1997).

Appellant argues that disclosure of this information is mandatory rather than discretionary when the information requested pertains to the individual requesting it. Specifically, appellant contends he is enti-

---

1. In 1998 the legislature renumbered the relevant code provision to section 552.028 without any substantive change to the language.

Open Records Act, 75th Leg., R.S., ch. 164, § 31.01(44), 1997 Tex.Gen.Laws 708.

tled to disclosure of the names of the grand jurors, witnesses testifying before the grand jury and any confessions by appellant presented to the grand jury. Appellant asserts that the information pertains to his underlying conviction, is personal and therefore, is subject to disclosure under the Open Records Act. Appellant further argues disclosure of the grand jury proceedings is required for him to challenge a wrongful conviction.

■ We join our sister courts in holding disclosure of information is discretionary when that information is requested by an individual imprisoned or confined in a correctional facility, regardless of whether such information pertains to the individual requesting it. *See e.g., Hickman v. Moya,* 976 S.W.2d 360, 361 (Tex.App.—Waco 1998, pet. denied), *cert. denied,* 527 U.S. 1009, 119 S.Ct. 2348, 144 L.Ed.2d 245 (1999); *Moore v. Henry,* 960 S.W.2d 82, 84 (Tex.App.—Houston [1st Dist.] 1996, no writ) (governmental body not required to comply with an inmate's request for information, even if that information pertains to the individual requesting it). A district attorney's decision whether to provide the requested information to an incarcerated individual is a discretionary, and not a ministerial act. *Hickman,* 976 S.W.2d at 361. Mandamus will not issue to compel a discretionary rather than a ministerial act. *Duffy v. Branch,* 828 S.W.2d 211, 213 (Tex. App.—Dallas 1992, orig. proceeding). Accordingly, appellant does not have an arguable basis in law to support his claim.

### Secrecy of Grand Jury Proceedings

■ Appellant's argument that he is entitled to disclosure of grand jury proceedings also fails for the reason that under the facts of this case, such proceedings are exempt from the requirements of disclosure under the Open Records Act. The Open Records Act applies to public information held by governmental bodies. TEX. GOV'T CODE ANN. § 552.021 (Vernon 1997). Grand juries are an arm of the judiciary. *Euresti v. Valdez,* 769 S.W.2d 575, 577–78

(Tex.App.—Corpus Christi 1989, orig. proceeding) (citing TEX.CODE CRIM.PROC.ANN. arts. 19.01–19.02). The judiciary is specifically excluded from the definition of a governmental body as defined in chapter 552 of the government code. TEX.GOV'T CODE ANN. § 552.003(1)(B) (Vernon 1997). As an arm of the judiciary, and under the facts of this case, grand juries are exempt from disclosure of their proceedings. *See Euresti,* 769 S.W.2d at 578.

■ In addition, public information is further exempt from disclosure under the Open Records Act if it is information considered confidential by law, either constitutional, statutory or by judicial decision. TEX.GOV'T CODE ANN. § 552.101 (Vernon 1997). Communications made to the grand jury in the regular performance of its duties are secret. *Hott v. Yarborough,* 112 Tex. 179, 245 S.W. 676, 678 (1922). The scheme of the Texas code of criminal procedure with regard to grand jury proceedings is that they are kept secret. *Stern v. State ex rel. Ansel,* 869 S.W.2d 614, 622 (Tex.App.—Houston [14th Dist.] 1994, writ denied) (enumerating each article pertaining to grand jury testimony and the cumulative effect of secrecy). In light of the exemption of grand jury proceedings from the Open Records Act, as well as the secrecy of such proceedings, appellant's claim for disclosure must fail.

Having determined that the District Attorney had no affirmative duty to provide appellant with the information he requested, and that under the facts of this case, the grand jury proceedings are exempt from disclosure, appellant does not have an arguable basis in law to support his claim. Thus, the trial court did not abuse its discretion in dismissing appellant's mandamus action. We overrule appellant's points of error and affirm the trial court's dismissal of appellant's claim for mandamus.