TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-00-00272-CV






Autry Lee Jones, Appellant



v.



City of Austin Police Department, Appellee







FROM THE DISTRICT COURT OF TRAVIS COUNTY, 353RD JUDICIAL DISTRICT


NO. 99-09170, HONORABLE MARGARET COOPER, JUDGE PRESIDING







 Appellant Autry Lee Jones, acting pro se, appeals from the district court's ruling
denying his request for an injunction and his "Motion to Hold Hearing on Writ of Injunction by
Teleconference." The City of Austin Police Department (hereinafter "APD") is the appellee. 
Jones is seeking material in the possession of APD pertaining to a criminal investigation. 
Although not entirely clear from his pleadings, Jones apparently sought a declaratory judgment
ordering APD to turn over the material. In four points of error, Jones claims that: (1) the district
court's denial violated his First Amendment right under the United States Constitution to petition
the courts; (2) the district court's denial of his request for a teleconference violated his Fifth
Amendment right to due process; (3) the district court's denial of his motions violated his "civil
rights"; and (4) APD waived its right to respond to Jones by filing in an untimely fashion. We
will overrule all of Jones's points of error and affirm the district court's order denying his motions
and requests.


FACTUAL AND PROCEDURAL BACKGROUND

 Jones is currently incarcerated in a federal penitentiary in Florence, Colorado. He
complains that the information he is seeking, which is in the possession of APD, will prove that
he is innocent of the crimes of which he was convicted. According to Jones's original
"Application For Writ Of Injunction," he was denied an open records request for the material in
possession of APD in 1994. There is, however, no evidence of this in the record. Although Jones
apparently filed numerous motions in this matter, none were properly served on the City of
Austin.


DISCUSSION

 Although we liberally construe all pleadings, we must still hold pro se litigants to
the same standards as licensed attorneys. White v. Cole, 880 S.W.2d 292, 294 (Tex. App.--
Beaumont 1994, writ denied). This Court will address each of Jones's points of error in turn.

 First, Jones complains that his First Amendment right of access to the courts to
petition the government for a redress of grievances has been violated. We, of course,
acknowledge such a right. See Bill Johnson's Restaurants, Inc. v. NLRB, 461 U.S. 731, 743
(1994) ("[T]he right of access to the courts is an aspect of the First Amendment right to petition
the Government for redress of grievances."). Jones, however, has been heard in court on
numerous occasions. The lower court has heard his motions and properly denied them. Jones
appears to be challenging a refusal to provide records under the Open Records Act. But the statute
is clear, and under Tex. Gov't Code Ann. § 552.028 (West Supp. 2000), a governmental body
need not comply with a request from an incarcerated individual. The city carried its burden by
pointing out this fact. It is true that disclosure by a government entity is discretionary and that the
entity is not prohibited from disclosing the requested information. Hickman v. Moya, 976 S.W.2d
360, 361 (Tex. App.--Waco 1998, pet. denied), cert. denied, 527 U.S. 1009 (1999). There is no
authority, however, that suggests the governmental body must produce or defend a reason for
refusing to provide the requested information. The city may simply point to the statute that gives
it the authority to make the refusal. Jones's First Amendment claim is baseless, and therefore we
overrule this point of error.

 Second, Jones states that his Fifth Amendment rights have been violated. Again,
this claim is vague and unclear. He may be complaining that the denial of a teleconference was
a due process violation, but we find this complaint to be without basis in fact. The court is not
required to hold oral hearings by teleconference, and Jones fails to state a reason why it should
be so required. We overrule this point of error.

 Next, Jones asserts that his "civil rights" have been violated by APD's refusal to
provide the information he desires. We cannot determine to which legally cognizable rights Jones
is referring. This claim is without merit, and the point of error is overruled.

 Finally, as to Jones's claim that APD waived its right to respond to his motions,
we conclude that APD as a political subdivision was not properly served. Under section 17.024(b)
of the Civil Practice and Remedies Code, service on a political subdivision must be on the mayor,
clerk, secretary, or treasurer of the city. See Tex. Civ. Prac. & Rem. Code Ann. § 17.024(b)
(West 1997). Jones attempted to serve the police department directly instead of serving the city
in the manner required. Consequently, APD was never properly served and could not have
waived its right to respond. Therefore, we overrule Jones's final point of error.


CONCLUSION

 Having overruled all of Jones's points of error, we affirm the trial court's order.



 

 J. Woodfin Jones, Justice

Before Justices Jones, Kidd, and Yeakel

Affirmed

Filed: November 30, 2000

Do Not Publish



terial. In four points of error, Jones claims that: (1) the district
court's denial violated his First Amendment right under the United States Constitution to petition
the courts; (2) the district court's denial of his request for a teleconference violated his Fifth
Amendment right to due process; (3) the district court's denial of his motions violated his "civil
rights"; and (4) APD waived its right to respond to Jones by filing in an untimely fashion. We
will overrule all of Jones's points of error and affirm the district court's order denying his motions
and requests.


FACTUAL AND PROCEDURAL BACKGROUND

 Jones is currently incarcerated in a federal penitentiary in Florence, Colorado. He
complains that the information he is seeking, which is in the possession of APD, will prove that
he is innocent of the crimes of which he was convicted. According to Jones's original
"Application For Writ Of Injunction," he was denied an open records request for the material in
possession of APD in 1994. There is, however, no evidence of this in the record. Although Jones
apparently filed numerous motions in this matter, none were properly served on the City of
Austin.


DISCUSSION

 Although we liberally construe all pleadings, we must still hold pro se litigants to
the same standards as licensed attorneys. White v. Cole, 880 S.W.2d 292, 294 (Tex. App.--
Beaumont 1994, writ denied). This Court will address each of Jones's points of error in turn.

 First, Jones complains that his First Amendment right of access to the courts to
petition the government for a redress of grievances has been violated. We, of course,
acknowledge such a right. See Bill Johnson's Restaurants, Inc. v. NLRB, 461 U.S. 731, 743
(1994) ("[T]he right of access to the courts is an aspect of the First Amendment right to petition
the Government for redress of grievances."). Jones, however, has been heard in court on
numerous occasions. The lower court has heard his motions and properly denied them. Jones
appears to be challenging a refusal to provide records under the Open Records Act. But the statute
is clear, and under Tex. Gov't Code Ann. § 552.028 (West Supp. 2000), a governmental body
need not comply with a request from an incarcerated individual. The city carried its burden by
pointing out this fact. It is true that disclosure by a government entity is discretionary and that the
entity is not prohibited from disclosing the requested information. Hickman v. Moya, 976 S.W.2d
360, 361 (Tex. App.--Waco 1998, pet. denied), cert. denied, 527 U.S. 1009 (1999). There is no
authority, however, that suggests the governmental body must produce or defend a reason for
refusing to provide the requested information. The city may simply point to the statute that gives
it the authority to make the refusal. Jones's First Amendment claim is baseless, and therefore we
overrule this point of error.

 Second, Jones states that his Fifth Amendment rights have been violated. Again,
this claim is vague and unclear. He may be complaining that the denial of a teleconference was
a due process