In The
Court of Appeals
Sixth Appellate District of Texas at Texarkana

______________________________

No. 06-03-00087-CV
______________________________


KEITH THOMAS, Appellant
 
V.
 
NICK CURRY, ET AL., Appellees


                                              

On Appeal from the County Court at Law
Bowie County, Texas
Trial Court No. 02-C0-912-CCL


                                                 



Before Morriss, C.J., Ross and Carter, JJ.
Memorandum Opinion by Justice Carter


MEMORANDUM OPINION

            Keith Thomas appeals the trial court's dismissal of his application for writ of injunction and
"writ of production." We affirm.
I. Background
            Seeking a writ of ancillary injunction and a "writ of production," Thomas sued four
correctional officers employed at the Barry Telford Unit in New Boston, Texas, and Janie Cockrell,
the director of the Texas Department of Criminal Justice‒Institutional Division (collectively "the
defendants"). Thomas alleged the defendants wrongfully withheld papers related to another lawsuit.


 
Thomas was asking the trial court in this case to order the defendants to give him copies of a number
of documents. The trial court in this case dismissed Thomas' application for writ of injunction and
production as frivolous. See Tex. Civ. Prac. & Rem. Code Ann. § 14.003 (Vernon 2002). In his
sole point of error, Thomas contends the trial court erred by dismissing his lawsuit as frivolous. 
II. Analysis
            We review the dismissal of an inmate's lawsuit under Chapter 14 of the Texas Civil Practice
and Remedies Code for abuse of discretion. Hickson v. Moya, 926 S.W.2d 397, 398 (Tex.
App.‒Waco 1996, no writ). Chapter 14 of the Texas Civil Practice and Remedies Code governs
inmate litigation. Section 14.003 governs dismissal of frivolous prisoner litigation. That section
provides:
(a) A court may dismiss a claim, either before or after service of process, if
the court finds that:
 (1)the allegation of poverty in the affidavit or unsworn declaration is
false;
 (2)the claim is frivolous or malicious; or
 (3)the inmate filed an affidavit or unsworn declaration required by this
chapter that the inmate knew was false.
(b) In determining whether a claim is frivolous or malicious, the court may
consider whether:
 (1)the claim's realistic chance of ultimate success is slight;
 (2)the claim has no arguable basis in law or in fact;
 (3)it is clear that the party cannot prove facts in support of the claim; or
 (4)the claim is substantially similar to a previous claim filed by the
inmate because the claim arises from the same operative facts.

Tex. Civ. Prac. & Rem. Code Ann. § 14.003.
            In this case, the trial court found Thomas' application for writ of injunction and "writ of
production" to be frivolous. Therefore, to determine whether the trial court abused its discretion, we
must examine the merits of Thomas' application for the writ to determine whether his lawsuit meets
the statutory definition for frivolousness as outlined by Section 14.003.
            First, Thomas sought the production of various documents relating to inmate grievances. "A
governmental body is not required to accept or comply with a request for information from: . . . an
individual who is imprisoned or confined in a correctional facility." Tex. Gov't Code Ann.
§ 552.028 (Vernon Supp. 2004). It is within a warden's discretion whether to furnish an inmate with
requested information. Hickman v. Moya, 976 S.W.2d 360, 361 (Tex. App.‒Waco 1996, no writ). 
Since it was discretionary for prison officials to disclose or withhold information pursuant to
Thomas' request, Thomas' claim had no arguable basis in law or fact. The trial court correctly
determined Thomas' application for writ of production was frivolous. 
            Second, Thomas sought a writ of injunction. However, Thomas' original petition does not
suggest the course of conduct from which the trial court should enjoin the defendants. Nor has
Thomas made an attempt in his brief to this Court either to show the trial court abused its discretion
by dismissing Thomas' application for writ of injunction or to demonstrate his application for an
injunction was nonfrivolous. We, therefore, find the trial court properly found the application for
writ of injunction to be frivolous as it failed to state a cause of action.
            Finding the trial court did not abuse its discretion by dismissing Thomas' lawsuit as frivolous,
we overrule Thomas' point of error and affirm the trial court's judgment.




                                                                        Jack Carter
                                                                        Justice

Date Submitted:          November 17, 2003
Date Decided:             November 18, 2003