NO. 12-03-00322-CV



IN THE COURT OF APPEALS



TWELFTH COURT OF APPEALS DISTRICT



TYLER, TEXAS



§
 



IN RE: ALEX MELVIN WADE, JR.,
§
 ORIGINAL PROCEEDING

RELATOR


§
 






MEMORANDUM OPINION


 Relator Alex Melvin Wade, Jr. filed a petition for writ of mandamus ("first petition") in the
3rd Judicial District Court, Houston County, Texas, seeking relief from action taken by the warden
of the Eastham Unit of Texas Department of Criminal Justice-Institutional Division located at
Lovelady, Texas. The trial court "disallowed" Relator's petition, and the district clerk subsequently
withdrew the filed petition and returned it to Relator. In a petition for writ of mandamus filed in this
court, Relator complains of the trial court's action and seeks an order directing the trial court to
proceed with Relator's first petition "in accordance with due process of law." We deny the petition.


Background


 The record reveals that Relator's first petition was filed with the Houston County District
Clerk on August 18, 2003. The next day, the District Clerk forwarded the petition by fax to the trial
court. The trial judge wrote "disallow suit" on the District Clerk's fax cover sheet and affixed his
signature underneath the notation. The judge then returned the cover sheet to the District Clerk, who
withdrew the petition, returned it to Relator, and notified him that the judge had "rejected [his] suit." 
On October 1, 2003, Relator filed a petition for writ of mandamus ("second petition") in this Court. 
His complaint in his second petition is twofold: (1) the trial court did not allow the first petition to
"proceed[] in accordance with due process of law" and (2) the District Clerk deprived him of his
right to file his first petition. 


Availability of Mandamus


 Mandamus issues only to correct a clear abuse of discretion or the violation of a duty
imposed by law when there is no adequate remedy by appeal. In re Daisy Mfg. Co., 17 S.W.3d 654,
658 (Tex. 2000) (orig. proceeding). A trial court clearly abuses its discretion if "it reaches a decision
so arbitrary and unreasonable as to amount to a clear and prejudicial error of law." Walker v. Packer,
827 S.W.2d 833, 839 (Tex. 1992) (citing Johnson v. Fourth Court of Appeals, 700 S.W.2d 916,
917 (Tex. 1985)). 

Action of the Trial Court

 Chapter 14 of the Texas Civil Practice and Remedies Code relates to in forma pauperis
lawsuits by inmates. See Tex. Civ. Prac. & Rem. Code Ann. §§14.001-14.014 (Vernon 2002). 
As such, chapter 14 applies to mandamus proceedings. See Harrison v. Vance, 34 S.W.3d 660, 662
(Tex. App.-Dallas 2000, no pet.). Section 14.003 authorizes a court to dismiss a claim, either before
or after service of process, if the court finds the claim is frivolous or malicious or that the inmate
knowingly filed false financial information. Tex. Civ. Prac. & Rem. Code Ann. § 14.003 (Vernon
2002). The court may also dismiss a claim if the inmate fails to submit all of the necessary
documentation. See Bell v. Tex. Dep't of Criminal Justice-Institutional Div., 962 S.W.2d 156, 158
(Tex. App.-Houston [14th Dist.] 1998, pet. denied) (inmate failed to list operative facts of previous
filings as required by statute).

 When dismissing a claim pursuant to chapter 14, the trial court may either dismiss the entire
claim or a portion of the claim. Tex. Civ. Prac. & Rem Code. Ann. § 14.010 (Vernon 2002). The
dismissal should be by written order. See id. Here, the trial court did not sign a dismissal order. 
However, we construe the court's "disallow suit" notation as a dismissal of Relator's first petition.
In his second petition, Relator does not address the provisions of chapter 14 and does not
acknowledge that an in forma pauperis inmate lawsuit can be dismissed pursuant to section 14.003. 
Consequently, Relator does not include any argument or authority in his second petition to persuade
us that the trial court acted contrary to law in dismissing his first petition. Although Relator
contends that the unique circumstances of this case deprive him of an appellate remedy, we need not
address that issue because Relator has not shown that the trial court abused its discretion.

Action of the District Clerk

 A court of appeals may issue writs of mandamus against a judge of a district or county court
in the court of appeals district or a judge of a district court who is acting as a magistrate at a court
of inquiry. Tex. Gov't Code Ann. § 22.221(b) (Vernon Supp. 2004). However, a court of appeals
has no jurisdiction to issue a writ of mandamus against a district clerk. See id.; In re Bernard, 993
S.W.2d 453, 454 (Tex. App.-Houston [1st Dist.] 1999, orig. proceeding). Although we cannot grant
the relief Relator seeks against the district clerk, we note that the district clerk must accept pleadings
tendered for filing. In re Bernard, 993 S.W.2d 453, 454 (Tex. App.-Houston [1st Dist.] 1999, orig.
proceeding) (O'Connor, J., concurring) (emphasis in original). Once filed, a pleading shall remain
at all times in the clerk's office, in the court, or in the custody of the clerk. Tex. R. Civ. P. 75. The
district clerk may not withdraw any pleading except as authorized by law. See id.


Conclusion


 Relator has not shown that the trial court abused its discretion in dismissing his first petition. 
Furthermore, we have no jurisdiction to issue a writ of mandamus against a district clerk. 
Accordingly, Relator's petition for writ of mandamus is denied.

 SAM GRIFFITH 

 Justice

Opinion delivered November 19, 2003.

Panel consisted of Worthen, C.J., Griffith, J. and DeVasto, J.



(PUBLISH)