BROWN V. LAW OFFICE OF MOORE & MOORE, ET AL.

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-04-262-CV

JEROME D. BROWN APPELLANT

V.

LAW OFFICE OF MOORE & 

MOORE AND LARRY M. MOORE APPELLEES

------------

FROM THE 96TH DISTRICT COURT OF TARRANT COUNTY

------------

MEMORANDUM 
OPINION
(footnote: 1)

------------

Jerome D. Brown, who is incarcerated, appeals the trial court’s dismissal of his civil lawsuit against the Law Office of Moore & Moore and Larry M. Moore (collectively, Moore) under section 14.003 of the civil practice and remedies code.
(footnote: 2)  In two issues, Brown complains that the trial court erred by dismissing his suit and by failing to make findings of fact and conclusions of law.  We will affirm.

On May 10, 2004, Brown sued Moore for injuries Brown allegedly suffered as a result of Moore’s representation of Brown in 1996 in two criminal cases.  Brown alleged that Moore had committed “negligence, misrepresentations, legal mailpractice,” and civil rights violations.  Brown further alleged that Moore had, in 1994, unlawfully interfered in Brown’s federal lawsuit against his arresting officer by giving notice in that suit that Brown was mentally incompetent.  In August 2004, the trial court dismissed Brown’s claims pursuant to section 14.003 because the claims were barred by the applicable statutes of limitations.  This appeal followed.  

Section 14.003 provides that a trial court may dismiss an inmate’s claim if, among other things, the court finds that the claim is frivolous.
(footnote: 3)  We review a trial court's determination that an inmate's claim is frivolous under an abuse of discretion standard.
(footnote: 4)  A trial court abuses its discretion only when it acts arbitrarily or unreasonably, without reference to any guiding principles.
(footnote: 5)
 In this case, Brown’s tort claims against Moore were, at most, subject to a four-year statute of limitations.
(footnote: 6)  Moore’s representation of Brown occurred in 1996 or before; therefore, Brown was required to file suit by 2000 to avoid the limitations bar.  Because Brown’s suit in this case was filed in May 2004, the trial court did not abuse its discretion by dismissing the suit as frivolous under section 14.003.  Further, 
when an abuse of discretion standard of review applies to a trial court’s ruling, findings of fact and conclusions of law, while 

helpful, are not required.
(footnote: 7)  Accordingly, we overrule Brown’s issues and affirm the trial court’s dismissal order.

PER CURIAM

PANEL A: CAYCE, C.J.; HOLMAN and WALKER, JJ.

DELIVERED: June 9, 2005

FOOTNOTES
1:
See
 
Tex. R. App. P.
 47.4.

2:
Tex. Civ. Prac. & Rem. Code Ann.
 § 14.003(a) (Vernon 2002).

3:
Id.
 § 14.003(a)(2).

4:
Harrison v. Vance,
 34 S.W.3d 660, 662 (Tex. App.—Dallas 2000, no pet.).

5:
Downer v. Aquamarine Operators, Inc.
, 701 S.W.2d 238, 241-42 (Tex. 1985), 
cert. denied
, 476 U.S. 1159 (1986).

6:
See
 
Tex. Civ. Prac. & Rem. Code Ann.
 § 16.003–.004 (Vernon 2002) (setting out two- and four-year statutes of limitations, respectively); 
Gartrell v. Gaylor,
 981 F.2d 254, 256 (5th Cir. 1993) (applying forum state’s general personal injury limitations periods to civil rights action brought under 42 U.S.C. § 1983).

7:
Samuelson v. United Healthcare of Tex., Inc.
, 79 S.W.3d 706, 710 (Tex. App.—Fort Worth 2002, no pet.).