COURT OF APPEALS
SECOND DISTRICT OF TEXAS
FORT WORTH
 
NO. 2-04-262-CV
 
  
JEROME D. BROWN                                                               APPELLANT
  
V.
  
LAW OFFICE OF MOORE &                                                      APPELLEES
MOORE AND LARRY M. MOORE
 
 
------------
 
FROM THE 96TH DISTRICT COURT 
OF TARRANT COUNTY
 
------------
 
MEMORANDUM OPINION[1]
 
------------
        Jerome 
D. Brown, who is incarcerated, appeals the trial court’s dismissal of his 
civil lawsuit against the Law Office of Moore & Moore and Larry M. Moore 
(collectively, Moore) under section 14.003 of the civil practice and remedies 
code.[2]  In two issues, Brown complains that the 
trial court erred by dismissing his suit and by failing to make findings of fact 
and conclusions of law.  We will affirm.
        On 
May 10, 2004, Brown sued Moore for injuries Brown allegedly suffered as a result 
of Moore’s representation of Brown in 1996 in two criminal cases.  Brown 
alleged that Moore had committed “negligence, misrepresentations, legal 
mailpractice,” and civil rights violations.  Brown further alleged that 
Moore had, in 1994, unlawfully interfered in Brown’s federal lawsuit against 
his arresting officer by giving notice in that suit that Brown was mentally 
incompetent.  In August 2004, the trial court dismissed Brown’s claims 
pursuant to section 14.003 because the claims were barred by the applicable 
statutes of limitations.  This appeal followed.
        Section 
14.003 provides that a trial court may dismiss an inmate’s claim if, among 
other things, the court finds that the claim is frivolous.[3]  
We review a trial court's determination that an inmate's claim is frivolous 
under an abuse of discretion standard.[4]  A 
trial court abuses its discretion only when it acts arbitrarily or unreasonably, 
without reference to any guiding principles.[5]
        In 
this case, Brown’s tort claims against Moore were, at most, subject to a 
four-year statute of limitations.[6]  Moore’s 
representation of Brown occurred in 1996 or before; therefore, Brown was 
required to file suit by 2000 to avoid the limitations bar.  Because 
Brown’s suit in this case was filed in May 2004, the trial court did not abuse 
its discretion by dismissing the suit as frivolous under section 14.003. 
Further, when an abuse of discretion standard of review applies to a trial 
court’s ruling, findings of fact and conclusions of law, while helpful, are 
not required.[7]  Accordingly, we overrule 
Brown’s issues and affirm the trial court’s dismissal order.
  
  
                                                                  PER 
CURIAM
 
 
 
PANEL A:   CAYCE, 
C.J.; HOLMAN and WALKER, JJ.
 
DELIVERED: June 9, 2005


NOTES
1.  
See Tex. R. App. P. 47.4.
2. 
 Tex. Civ. Prac. & Rem. Code Ann. § 
14.003(a) (Vernon 2002).
3.  
Id. § 14.003(a)(2).
4.  
Harrison v. Vance, 34 S.W.3d 660, 662 (Tex. App.—Dallas 2000, no pet.).
5.  
Downer v. Aquamarine Operators, Inc., 701 S.W.2d 238, 241-42 (Tex. 1985), 
cert. denied, 476 U.S. 1159 (1986).
6.  
See Tex. Civ. Prac. & Rem. 
Code Ann. § 16.003–.004 (Vernon 2002) (setting out two- and four-year 
statutes of limitations, respectively); Gartrell v. Gaylor, 981 F.2d 254, 
256 (5th Cir. 1993) (applying forum state’s general personal injury 
limitations periods to civil rights action brought under 42 U.S.C. § 1983).
7.  
Samuelson v. United Healthcare of Tex., Inc., 79 S.W.3d 706, 710 (Tex. 
App.—Fort Worth 2002, no pet.).