IN THE

TENTH COURT OF APPEALS




 
 
 
 
 
 
 


 



No. 10-09-00285-CR

 

Gary Acy,

                                                                                    Appellant

 v.

 

The State of Texas,

                                                                                    Appellee

 

 

 



From the 13th District
Court

Navarro County, Texas

Trial Court No. 32375-CR

 



MEMORANDUM  Opinion



 








            The trial court convicted
Gary Acy of retaliation and sentenced him to five years in prison.  In one
issue, Acy contends that he received ineffective assistance of counsel.  We affirm.

To prove ineffective assistance, an
appellant must show that: (1) counsel’s performance was deficient; and (2) the
defense was prejudiced by counsel’s deficient performance.  See Strickland
v. Washington, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064, 80 L. Ed. 2d
674 (1984); see also
Wiggins
v. Smith, 539 U.S. 510, 521, 123 S. Ct. 2527, 2535, 156 L. Ed. 2d
471 (2003).

Acy contends that trial counsel rendered
ineffective assistance, identifying several instances
when counsel acted or failed to act.  However, Acy did not file a motion
for new trial alleging ineffective assistance.  The record is silent as to any
reasons explaining trial counsel’s actions and we will not so speculate.  See
Thompson
v. State, 9 S.W.3d 808, 814 (Tex. Crim. App. 1999).  Absent a record revealing trial
counsel’s strategy or motivation, Acy cannot defeat the strong presumption that
trial counsel’s actions fell within the wide range of reasonable professional
assistance.  Id.  An ineffective assistance claim is better raised
through an application for a writ of habeas corpus.  See Rylander
v. State, 101 S.W.3d 107, 110 (Tex. Crim. App. 2003).

We overrule Acy’s sole issue and affirm
the trial court’s judgment.

 

 

FELIPE REYNA

Justice

Before Chief
Justice Gray,

Justice
Reyna, and

Justice
Davis

Affirmed

Opinion
delivered and filed May 5, 2010

Do not publish

[CR25]

    

 

 






rocedural and substantive
requirements of Chapter 14.

Chapter 14 requires an inmate to file
(1) an affidavit or unsworn
declaration providing information regarding any previous filings; and (2) an affidavit or unsworn declaration that
states the “date that the grievance was filed and the date the written decision…was
received by the inmate.”  Tex. Civ. Prac. & Rem. Code Ann. § 14.004(a) (Vernon 2002); Tex. Civ. Prac. & Rem. Code Ann. §
14.005(a) (Vernon 2002).  Neither document was filed with Chapa’s original
petition, but Chapa moved to supplement his petition with the required
affidavits.  However, Chapa’s affidavit of previous filings fails to state the
“operative facts for which relief was sought.”  Tex. Civ. Prac. & Rem. Code Ann. § 14.004(a)(2)(A).

Chapter 14 also requires an inmate to file a claim “before the 31st day
after the date the inmate receives the written decision from the grievance
system.”  Tex. Civ. Prac. & Rem. Code
§ 14.005(b).  Chapa received a response to his step 2 grievance on March 20,
2009, but filed suit on May 18, more than thirty-one days later.  See
id.

Dismissal was proper for failure to
comply with the procedural requirements of sections 14.004(a) and 14.005(b).  See Clark v. J.W. Estelle Unit, 23 S.W.3d 420, 422 (Tex. App.—Houston
[1st Dist.] 2000, pet. denied); see also Allen v. Tex. Dep’t of Crim.
Justice-Institutional Div., 80 S.W.3d 681, 683 (Tex. App.—Houston [1st
Dist.] 2002, pet. denied).

Dismissal was also proper for failure to
comply with Chapter 14’s substantive requirements.  Chapa alleged that TDCJ violated
the First, Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendments to the
United States Constitution by ignoring his request for information under the
Public Information Act.

While a governmental body need not comply
with a request for information from an incarcerated individual, it is not
prohibited from disclosing information that pertains to the inmate.  See Tex. Gov’t Code
Ann. § 552.028(a), (b) (Vernon 2004); see also Hickman v. Moya,
976 S.W.2d 360, 361 (Tex. App.—Waco 1998, pet. denied).  Because section 552.028 is not
mandatory, but gives the governmental body discretion to disclose or not
disclose the requested information, Chapa’s claim under the Texas Public
Information Act has no arguable basis in law.  See Hickman, 976 S.W.2d at 361; see also Harrison v. Vance, 34 S.W.3d 660, 663 (Tex. App.—Dallas
2000, no pet.).

Because the trial court properly
dismissed Chapa’s lawsuit for failure to comply with the procedural and
substantive requirements of Chapter 14, we
overrule point one. 

POSTING REQUIREMENTS

            In point two, Chapa contends
that the TDCJ failed to post the requirements of Chapter 14 in the prison law
library.

            The 1995 session law
enacting Chapter 14 required TDCJ to “post notice of the provisions of this Act in each law library maintained by the
department or under contract with the department.”  See Act of May 19,
1995, 74th Leg., R.S., ch. 378, § 9, 1995 Tex. Gen. Laws 2921, 2926-27.  “[T]he
fundamental constitutional right of access to the courts requires prison
authorities to assist inmates in the preparation and filing of meaningful legal
papers by providing prisoners with adequate law libraries…”  Bounds v. Smith, 430 U.S. 817, 828, 97 S. Ct. 1491,
1498, 52 L. Ed. 2d 72 (1977) (emphasis added).  “‘[M]eaningful access to the courts is the
touchstone’…and the inmate therefore must go one step further and demonstrate
that the alleged shortcomings in the library or legal assistance program
hindered his efforts to pursue a legal claim.”  Lewis v. Casey, 518 U.S. 343, 351, 116 S. Ct. 2174,
2180, 135 L. Ed. 2d 606 (1996) (quoting Bounds, 430 U.S. at 823, 97 S.
Ct. at 1495).

            Even had Chapa complied with
Chapter 14’s procedural requirements, his asserted claim has no arguable basis
in law.  Accordingly, Chapa cannot show that TDCJ’s failure to post notice of
Chapter 14’s requirements rendered the prison law library so subpar as to
hinder his efforts to pursue a legal claim.  See Lewis, 518 U.S. at 351, 116 S. Ct. at 2180.  We overrule point two.

ABSENCE OF HEARING BEFORE DISMISSAL

FAILURE TO ALLOW OPPORTUNITY TO AMEND

 

            In point three, Chapa contends
that the trial court violated his rights to due process, equal protection, and
access to courts by failing to hold a hearing before dismissing his lawsuit and
failing to allow him an opportunity to amend.

          Because the decision to hold a hearing
on the dismissal of inmate litigation is within the trial court’s discretion, the
trial court did not err by dismissing Chapa’s lawsuit without a hearing.  See
Moreland v. Johnson, 95 S.W.3d 392, 394 (Tex.
App.—Houston [1st Dist.] 2002, no pet.); see also Tex.
Civ. Prac. & Rem. Code Ann. § 14.003(c); Long, 170 S.W.3d at 754.  Moreover, Chapa’s claim has no arguable basis in
law; thus, dismissal with prejudice was appropriate.  See Nabelek v. Dist. Attorney of Harris
County, 290 S.W.3d 222,
233 (Tex. App.—Houston [14th Dist.] 2005, pet. denied); see also Williams v.
Ballard, No.
10-08-00378-CV, 2009 Tex.
App. LEXIS 9246, at *4 (Tex. App.—Waco Dec. 2, 2009, no pet.) (mem.
op.).  We overrule point three.

ACCESS TO COURTS 

            In
point four, Chapa contends that the trial court violated his right to open
courts by dismissing his lawsuit.  However, Chapter 14 does not violate the
constitutional right to access the courts.  See Sanders v. Palunsky, 36 S.W.3d 222, 226-27 (Tex.
App.—Houston [14th Dist.] 2001, no pet.); see also Hughes v. Massey, 65
S.W.3d 743, 745 (Tex. Sapp.—Beaumont 2001, no pet.); Guynes v. Texas Bd. of
Pardons & Paroles, No.
03-99-00767-CV, 2000 Tex.
App. LEXIS 3193, at *13 (Tex. App.—Austin May 18, 2000, no pet.) (not
designated for publication).  We overrule point four.

ABSENCE OF HEARING ON MOTION FOR NEW
TRIAL

FAILURE TO FILE FINDINGS OF FACT AND
CONCLUSIONS OF LAW

 

            In point five, Chapa
challenges the trial court’s failure to hold a hearing on his motion for new
trial and denial of his motion for findings of fact and conclusions of law.

            Because Chapa’s lawsuit was dismissed
without a jury, the trial court did not err by denying Chapa’s motion for new
trial without a hearing.  See Hamilton v. Williams, 298 S.W.3d
334, 338 (Tex. App.—Fort Worth 2009, pet. filed); see also Jefa Co. v.
Mustang Tractor & Equip. Co., 868 S.W.2d 905, 909 (Tex. App.—Houston
[14th Dist.] 1994, writ denied).  Nor was the trial court required to file
findings of fact and conclusions of law when
dismissing Chapa’s lawsuit under Chapter 14.  See Retzlaff, 94 S.W.3d at 655.  We overrule point five.




            We affirm the trial court’s
judgment.

 

FELIPE REYNA

Justice

Before Chief
Justice Gray,

Justice
Reyna, and

Justice
Davis

(Chief
Justice Gray concurring with note)*

Affirmed 

Opinion
delivered and filed August 25, 2010 

[CV06]

 

*           (Chief
Justice Gray concurs in the Court’s judgment.  A separate opinion will not
issue.)