

# IN THE
# TENTH COURT OF APPEALS

## No. 10-09-00273-CV

**OSVALDO N. CHAPA,**

                                                    **Appellant**

 **v.**

**BRAD LIVINGSTON,**

                                                    **Appellee**

---

From the 278th District Court
Walker County, Texas
Trial Court No. 24,673

---

# MEMORANDUM OPINION

---

Osvaldo N. Chapa, a Texas inmate, filed an *in forma pauperis* application for writ of mandamus against Brad Livingston, executive director of the Texas Department of Criminal Justice, for violations of the Public Information Act. The Texas Attorney General filed an *amicus curiae* advisory requesting dismissal of the suit. The trial court dismissed the suit under Chapter 14 of the Civil Practice and Remedies Code. Chapa challenges: (1) the dismissal of his lawsuit; (2) TDCJ's failure to post Chapter 14's requirements in the prison law library; (3) the trial court's failures to conduct a hearing

before dismissal and give him an opportunity to amend his pleadings; (4) violations of his right to access the courts; and (5) the trial court's failures to conduct a hearing on his motion for new trial and file findings of fact and conclusions of law.  We affirm.

## DISMISSAL

In point one, Chapa contends that the trial court improperly dismissed his lawsuit, with prejudice, under Chapter 14 of the Civil Practice and Remedies Code.

A trial court may dismiss a suit under Chapter 14 if it is frivolous, considering whether: (1) the claim's realistic chance of ultimate success is slight; (2) the claim has no arguable basis in law or in fact; (3) it is clear that the party cannot prove facts in support of the claim; or (4) the claim is substantially similar to a previous claim filed by the inmate because the claim arises from the same operative facts.  TEX. CIV. PRAC. & REM. CODE ANN. § 14.003(a)(2), (b) (Vernon 2002).  When, as here, the trial court determines without a hearing that a claim is frivolous, that decision may be affirmed on appeal only if the claim has no arguable basis in law.  *Long v. Tanner*, 170 S.W.3d 752, 754 (Tex. App.—Waco 2005, pet. denied) (citing *Retzlaff v. Tex. Dep't of Crim. Justice.*, 94 S.W.3d 650, 653 (Tex. App.—Houston [14th Dist.] 2002, pet. denied)).  We review this issue de novo.  *Id*.  We take the allegations of the plaintiff's petition as true.  *Id*. (citing *Mullins v. Estelle High Sec. Unit*, 111 S.W.3d 268, 272 (Tex. App.—Texarkana 2003, no pet.)).  We examine the claims asserted and the relief requested "to determine whether, as a matter of law, the petition stated a cause of action that would authorize relief."  *Id*. (quoting *Spurlock v. Johnson*, 94 S.W.3d 655, 658 (Tex. App.—San Antonio 2002, no pet.)).

The trial court dismissed Chapa's lawsuit for failure to comply with both the procedural and substantive requirements of Chapter 14.

Chapter 14 requires an inmate to file (1) an affidavit or unsworn declaration providing information regarding any previous filings; and (2) an affidavit or unsworn declaration that states the "date that the grievance was filed and the date the written decision…was received by the inmate." TEX. CIV. PRAC. & REM. CODE ANN. § 14.004(a) (Vernon 2002); TEX. CIV. PRAC. & REM. CODE ANN. § 14.005(a) (Vernon 2002). Neither document was filed with Chapa's original petition, but Chapa moved to supplement his petition with the required affidavits. However, Chapa's affidavit of previous filings fails to state the "operative facts for which relief was sought." TEX. CIV. PRAC. & REM. CODE ANN. § 14.004(a)(2)(A).

Chapter 14 also requires an inmate to file a claim "before the 31st day after the date the inmate receives the written decision from the grievance system." TEX. CIV. PRAC. & REM. CODE § 14.005(b). Chapa received a response to his step 2 grievance on March 20, 2009, but filed suit on May 18, more than thirty-one days later. *See id.*

Dismissal was proper for failure to comply with the procedural requirements of sections 14.004(a) and 14.005(b). *See Clark v. J.W. Estelle Unit*, 23 S.W.3d 420, 422 (Tex. App.—Houston [1st Dist.] 2000, pet. denied); *see also Allen v. Tex. Dep't of Crim. Justice-Institutional Div.*, 80 S.W.3d 681, 683 (Tex. App.—Houston [1st Dist.] 2002, pet. denied).

Dismissal was also proper for failure to comply with Chapter 14's substantive requirements. Chapa alleged that TDCJ violated the First, Fourth, Fifth, Sixth, Eighth,

and Fourteenth Amendments to the United States Constitution by ignoring his request for information under the Public Information Act.

While a governmental body need not comply with a request for information from an incarcerated individual, it is not prohibited from disclosing information that pertains to the inmate. *See* TEX. GOV'T CODE ANN. § 552.028(a), (b) (Vernon 2004); *see also Hickman v. Moya*, 976 S.W.2d 360, 361 (Tex. App.—Waco 1998, pet. denied). Because section 552.028 is not mandatory, but gives the governmental body discretion to disclose or not disclose the requested information, Chapa's claim under the Texas Public Information Act has no arguable basis in law. *See Hickman*, 976 S.W.2d at 361; *see also Harrison v. Vance*, 34 S.W.3d 660, 663 (Tex. App.—Dallas 2000, no pet.).

Because the trial court properly dismissed Chapa's lawsuit for failure to comply with the procedural and substantive requirements of Chapter 14, we overrule point one.

**POSTING REQUIREMENTS**

In point two, Chapa contends that the TDCJ failed to post the requirements of Chapter 14 in the prison law library.

The 1995 session law enacting Chapter 14 required TDCJ to "post notice of the provisions of this Act in each law library maintained by the department or under contract with the department." *See* Act of May 19, 1995, 74th Leg., R.S., ch. 378, § 9, 1995 Tex. Gen. Laws 2921, 2926-27. "[T]he fundamental constitutional right of access to the courts requires prison authorities to assist inmates in the preparation and filing of meaningful legal papers by providing prisoners with *adequate law libraries…*" *Bounds v. Smith*, 430 U.S. 817, 828, 97 S. Ct. 1491, 1498, 52 L. Ed. 2d 72 (1977) (emphasis added).

"'[M]eaningful access to the courts is the touchstone'…and the inmate therefore must go one step further and demonstrate that the alleged shortcomings in the library or legal assistance program hindered his efforts to pursue a legal claim." *Lewis v. Casey*, 518 U.S. 343, 351, 116 S. Ct. 2174, 2180, 135 L. Ed. 2d 606 (1996) (quoting *Bounds*, 430 U.S. at 823, 97 S. Ct. at 1495).

Even had Chapa complied with Chapter 14's procedural requirements, his asserted claim has no arguable basis in law. Accordingly, Chapa cannot show that TDCJ's failure to post notice of Chapter 14's requirements rendered the prison law library so subpar as to hinder his efforts to pursue a legal claim. *See Lewis*, 518 U.S. at 351, 116 S. Ct. at 2180. We overrule point two.

### ABSENCE OF HEARING BEFORE DISMISSAL
### FAILURE TO ALLOW OPPORTUNITY TO AMEND

In point three, Chapa contends that the trial court violated his rights to due process, equal protection, and access to courts by failing to hold a hearing before dismissing his lawsuit and failing to allow him an opportunity to amend.

Because the decision to hold a hearing on the dismissal of inmate litigation is within the trial court's discretion, the trial court did not err by dismissing Chapa's lawsuit without a hearing. *See Moreland v. Johnson*, 95 S.W.3d 392, 394 (Tex. App.—Houston [1st Dist.] 2002, no pet.); *see also* TEX. CIV. PRAC. & REM. CODE ANN. § 14.003(c); *Long*, 170 S.W.3d at 754. Moreover, Chapa's claim has no arguable basis in law; thus, dismissal with prejudice was appropriate. *See Nabelek v. Dist. Attorney of Harris County*, 290 S.W.3d 222, 233 (Tex. App.—Houston [14th Dist.] 2005, pet. denied); *see also Williams*

*v. Ballard*, No. 10-08-00378-CV, 2009 Tex. App. LEXIS 9246, at *4 (Tex. App.—Waco Dec. 2, 2009, no pet.) (mem. op.).  We overrule point three.

## ACCESS TO COURTS

In point four, Chapa contends that the trial court violated his right to open courts by dismissing his lawsuit.  However, Chapter 14 does not violate the constitutional right to access the courts.  *See Sanders v. Palunsky*, 36 S.W.3d 222, 226-27 (Tex. App.—Houston [14th Dist.] 2001, no pet.); *see also Hughes v. Massey*, 65 S.W.3d 743, 745 (Tex. Sapp.—Beaumont 2001, no pet.); *Guynes v. Texas Bd. of Pardons & Paroles*, No. 03-99-00767-CV, 2000 Tex. App. LEXIS 3193, at *13 (Tex. App.—Austin May 18, 2000, no pet.) (not designated for publication).  We overrule point four.

## ABSENCE OF HEARING ON MOTION FOR NEW TRIAL
## FAILURE TO FILE FINDINGS OF FACT AND CONCLUSIONS OF LAW

In point five, Chapa challenges the trial court's failure to hold a hearing on his motion for new trial and denial of his motion for findings of fact and conclusions of law.

Because Chapa's lawsuit was dismissed without a jury, the trial court did not err by denying Chapa's motion for new trial without a hearing.  *See Hamilton v. Williams*, 298 S.W.3d 334, 338 (Tex. App.—Fort Worth 2009, pet. filed); *see also Jefa Co. v. Mustang Tractor & Equip. Co.*, 868 S.W.2d 905, 909 (Tex. App.—Houston [14th Dist.] 1994, writ denied).  Nor was the trial court required to file findings of fact and conclusions of law when dismissing Chapa's lawsuit under Chapter 14.  *See Retzlaff*, 94 S.W.3d at 655.  We overrule point five.

We affirm the trial court's judgment.

FELIPE REYNA
Justice

Before Chief Justice Gray,
       Justice Reyna, and
       Justice Davis
       (Chief Justice Gray concurring with note)*
Affirmed
Opinion delivered and filed August 25, 2010
[CV06]

*     (Chief Justice Gray concurs in the Court's judgment. A separate opinion will not issue.)