# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 14-50047
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

November 21, 2014

Lyle W. Cayce
Clerk

STEVEN L. AMIS,

Plaintiff−Appellant,

versus

ALLISON COOK, Deputy Clerk, Official and Personal Capacities;
DONNA KAY MCKINNEY, District Clerk, Official and Personal Capacities,

Defendants−Appellees.

Appeal from the United States District Court
for the Western District of Texas
No. 5:13-CV-119

Before SMITH, WIENER, and ELROD, Circuit Judges.

PER CURIAM:*

Steven L. Amis, Texas prisoner # 1059402, appeals the dismissal, for

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 14-50047

failure to state a claim, of his *pro se* 42 U.S.C. § 1983 complaint against former Bexar County Deputy Clerk Allison Cook and Bexar County District Clerk Donna Kay McKinney. He contends that the dismissal was arbitrary and improper because the court failed to accept the alleged facts as true, to view the complaint and its attachments in the light most favorable to him, to draw reasonable inferences and resolve doubts in his favor, and to hold the *pro se* complaint to a less stringent standard. Amis asserts that his well-pleaded allegations and competent evidence clearly stated a cognizable § 1983 claim against Cook and McKinney and that the district court's factual determinations regarding his entitlement to mandamus relief and Cook's negligence were incorrect and improperly reached.

District courts screen complaints filed by prisoners seeking redress from a government officer or employee and dismiss claims that are frivolous or malicious or that fail to state a claim upon which relief may be granted. 28 U.S.C. § 1915A(a), (b)(1). We review dismissals for failure to state a claim under § 1915A(b)(1) *de novo*, using the same standard applicable to dismissals pursuant to Federal Rule of Civil Procedure 12(b)(6). *Coleman v. Sweetin*, 745 F.3d 756, 763 (5th Cir. 2014) (per curiam).

Amis alleged that the appellees violated his First, Fifth, and Fourteenth Amendment rights to petition the government for redress of grievances, to access the courts, and to due process of law when Cook erroneously filed a mandamus petition in Amis's closed criminal case and McKinney deliberately failed to correct Cook's error. Amis claims that he sought to file the mandamus petition pursuant to Section 552.321 of the Texas Government Code "to resolve a release of information dispute between [himself] and University Health System, San Antonio, TX."

Amis cannot show that he was prejudiced by the alleged violation. *See*

2

No. 14-50047

*Christopher v. Harbury*, 536 U.S. 403, 415-16 (2002).  Under the Texas Public Information Act, governmental bodies may, but are not required to, accept or comply with information requests from prisoners or their agents, unless the prisoner's agent is an attorney.  TEX. GOV'T CODE ANN. § 552.028.  Because the governmental body's decision whether to provide the requested information is a discretionary rather than ministerial act, there is no arguable basis in law to support a prisoner's claim for mandamus relief pursuant to § 552.321.  *See Harrison v. Vance*, 34 S.W.3d 660, 663 (Tex. App.—Dallas 2000, no pet.).

Amis did not attach the mandamus petition to his complaint, nor did he describe the requested information, whether the request was made by his attorney, or the University Health System's reason for denying it.  Thus, the complaint failed to describe the underlying mandamus claim well enough for the reader to determine whether it was nonfrivolous and whether its "'arguable' nature . . . [was] more than hope."  *Harbury*, 536 U.S. at 416.  Although the district court did not identify that deficiency, we can affirm on any ground supported by the record.  *Sojourner T. v. Edwards*, 974 F.2d 27, 30 (5th Cir. 1992).

Accordingly, the district court did not err in dismissing Amis's claims against Cook and McKinney, and the judgment is AFFIRMED.  Amis's motion to dismiss the appellees' letter brief is DENIED.