# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---

### NO. 03-25-00245-CV

---

### In re Derrick McDonald

---

### ORIGINAL PROCEEDING FROM BELL COUNTY

---

### M E M O R A N D U M   O P I N I O N

Relator Derrick McDonald was convicted of aggravated robbery and assessed punishment at thirty-eight years' imprisonment. *See* Tex. Penal Code §§ 12.32, 29.03. This Court affirmed the conviction in 2011. *See McDonald v. State*, No. 03-10-00074-CR, 2011 WL 182865, at *1 (Tex. App.—Austin Jan. 19, 2011, pet. ref'd) (mem. op., not designated for publication). McDonald is currently incarcerated and has filed a petition for writ of mandamus asking this Court to compel the trial court to rule on a mandamus petition that he sent to the trial court that previously convicted him.

According to McDonald, he made a public information request in February 2024, asking the district attorney in Bell County to release the names, ages, race, and biological sex of the grand jurors who were empaneled and voted to indict him. *See* Tex. Gov't Code §§ 552.001-.376 (Public Information Act). Although McDonald asserts that he made the public-information request, no copy of any communication between him and the district attorney's office was included as part of the mandamus record sent to this Court. *See* Tex. R. App. P. 52.7(a) (requiring relator to file record containing sworn copies "of every document that is material to

[his] claim for relief"); *see also Walker v. Packer*, 827 S.W.2d 833, 837 (Tex. 1992) (orig. proceeding) (noting that relator has burden to provide sufficient record to allow court to evaluate mandamus claim); *In re Roane*, No. 03-25-00099-CV, 2025 WL 579244, at *1 (Tex. App.—Austin Feb. 21, 2025, orig. proceeding) (mem. op.) (denying mandamus for failure to provide sufficient record).

In July 2024, McDonald sent to the trial court clerk a petition for writ of mandamus seeking "to compel [the] District Attorney to make [the] information available to defendant." After the trial court did not rule on the mandamus petition, McDonald sent a series of letters to the trial court clerk and to the trial court asking for a ruling on his petition. In April 2025, McDonald filed a pro se petition for writ of mandamus asking this Court to order the trial court to rule on his mandamus petition.

It is relator's burden to request and establish entitlement to mandamus relief. *See Walker*, 827 S.W.2d at 837. To establish an abuse of discretion for failure to rule, relator must show that: (1) the trial court had a legal duty to rule on his motion, (2) he made a demand for the trial court to rule, and (3) the trial court failed or refused to rule within a reasonable time. *See In re Chavez*, 62 S.W.3d 225, 228 (Tex. App.—Amarillo 2001, orig. proceeding).

Although a provision of the Public Information Act does allow a requestor of information to initiate a civil suit for writ of mandamus compelling a governmental body to make information available, the provision allows for that type of suit "if the governmental body refuses to request an attorney general's decision" regarding whether the information is public "or refuses to supply public information or information that the attorney general has determined is public information that is not excepted." *See* Tex. Gov't Code § 552.321. As set out above, the record accompanying McDonald's mandamus petition in this Court does not contain any

2

communications between McDonald and the district attorney and, therefore, does not show either type of refusal by the district attorney. *See id.*

Moreover, the record shows that rather than try to initiate a civil suit as discussed above, McDonald attempted to file with the trial court his mandamus petition and the accompanying letters as part of the criminal case resulting in his conviction, and he listed on those documents the cause number from the criminal proceeding and referred to himself as the defendant in the petition. However, his conviction was affirmed on appeal years ago, and the trial court no longer has plenary power over that cause. *See Ex parte Matthews*, 452 S.W.3d 8, 13 (Tex. App.—San Antonio 2014, no pet.) (setting out deadline by which trial court loses plenary power over case and explaining that "[a]fter its plenary power over a cause expires, the trial court generally lacks the authority to take any action in the cause"). Once "[t]he trial court's plenary power ha[d] expired," it did not have a duty to rule on free-floating filings unrelated to any current pending actions. *See In re Rhodes*, No. 14-15-00195-CR, 2015 WL 1247267, at *1 (Tex. App.—Houston [14th Dist.] Mar. 17, 2015, orig. proceeding) (per curiam) (mem. op., not designated for publication). Accordingly, McDonald has not established that the trial court had a duty to rule and is, therefore, not entitled to mandamus relief. *See id.* at *1-2 (denying mandamus petition); *see also Barnes v. State*, 832 S.W.2d 424, 426 (Tex. App.—Houston [1st Dist.] 1992, orig. proceeding) (per curiam) ("a pro se applicant for a writ of mandamus must show himself entitled to the extraordinary relief he seeks").

Even assuming that McDonald properly filed his mandamus petition with the trial court, he would not have been entitled to the relief he requested from the trial court. Under the Public Information Act, a governmental body is not required to accept or comply with a request for information from . . . an individual who is imprisoned or confined in a correctional facility."

3

Tex. Gov't Code § 552.028(a)(1). *But see id.* § 552.028(a)(2) (explaining that this provision does not apply to information request by attorney for imprisoned individual when "requesting information that is subject to disclosure"). Although the Act does "not prohibit a governmental body from disclosing to an" imprisoned individual "information held by the governmental body pertaining to that individual," the Act does not require it. *Id.* § 552.028(b). Accordingly, a governmental body has discretion not to disclose information requested by an incarcerated individual "regardless of whether such information pertains to the individual requesting it." *See Harrison v. Vance*, 34 S.W.3d 660, 663 (Tex. App.—Dallas 2000, no pet.). Because it is within the district attorney's discretion to deny McDonald's public information request, mandamus relief would not be available to compel the district attorney to release the information. *See id.* ("Mandamus will not issue to compel a discretionary rather than a ministerial act").

For these reasons, we deny the petition for writ of mandamus. *See* Tex. R. App. P. 52.8(a).

_____

Karin Crump, Justice

Before Justices Triana, Theofanis, and Crump

Filed:   April 18, 2025

4