United States Court of Appeals
Fifth Circuit

**F I L E D**

**December 17, 2004**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 04-10304
Conference Calendar

_____

JAMES THOMAS WRIGHT, JR.,

Plaintiff-Appellant,

versus

TIM CURRY, County District Attorney; THOMAS A. WILDER, Tarrant
County District Clerk; JIMMY DON CARTER, Defense Attorney; ROBERT
FORD, Appeal Attorney; MICHAEL MEYER, Assistant District
Attorney, Tarrant County; LESA PAMPLIN-SCOTT, Assistant District
Attorney, Tarrant County; HARRY HARRIS, Attorney; RAY WADDELL,
Attorney,

Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:03-CV-907-Y
--------------------

Before KING, Chief Judge, and DeMOSS and CLEMENT, Circuit Judges.

PER CURIAM:[*]

James Thomas Wright, Jr., Texas prisoner #1096313, appeals

from the district court's dismissal of his 42 U.S.C. § 1983

action pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b).

Wright argues that he is entitled to copies of transcripts and

records from his state court criminal case under the Freedom of

Information Act, 5 U.S.C. § 552, and the Texas Open Records Act,

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

TEXAS GOV'T CODE ANN. § 552.001, et seq.  Wright asserts that TEXAS GOV'T CODE ANN. § 552.028, which allows Texas agencies to refuse requests for records from prisoners, is unconstitutional.  Wright additionally contends that the district court misconstrued his complaint and considered claims that he did not raise.

Wright is not entitled to copies of the transcripts and records under the Freedom of Information Act because it applies to federal agencies, not state agencies.  See 5 U.S.C. § 552.  He is not entitled to copies of the transcripts and records under the Texas Open Records Act because it contains a provision allowing state agencies to refuse requests for documents from prisoners.  See TEXAS GOV'T CODE ANN. § 552.028; Hickman v. Moya, 976 S.W.2d 360, 361 (Tex. Ct. App. 1998).  Furthermore, Wright "does not have a federally-protected right to a free copy of his transcript or other court records merely to search for possible error in order to file a petition for collateral relief at some future date."  Colbert v. Beto, 439 F.2d 1130, 1131 (5th Cir. 1971); see also Bonner v. Henderson, 517 F.2d 135, 136 (5th Cir. 1975).  Accordingly, Wright's claim that TEXAS GOV'T CODE ANN. § 552.028 is unconstitutional is without merit.  See id.

Wright additionally argues that he did not bring the remainder of the claims that the district court considered.  He has not shown that the district court committed reversible error by doing this, however, because he has not shown that he was

prejudiced by the dismissal of claims that he did not bring.  See
FED. R. CIV. P. 61.

Wright's appeal is without arguable merit and is frivolous.
See Howard v. King, 707 F.2d 215, 219-20 (5th Cir. 1983).
Because the appeal is frivolous, it is DISMISSED.  See 5TH CIR.
R. 42.2.  The dismissal of this appeal as frivolous counts as a
"strike" for purposes of 28 U.S.C. § 1915(g), as does the
district court's dismissal.  See Adepegba v. Hammons, 103 F.3d
383, 387-88 (5th Cir. 1996).  We warn Wright that if he
accumulates three "strikes" under 28 U.S.C. § 1915(g), he will
not be able to proceed in forma pauperis in any civil action or
appeal filed while he is incarcerated or detained in any facility
unless he is under imminent danger of serious physical injury.
See 28 U.S.C. § 1915(g).  Wright should review any pending
appeals and withdraw any that are frivolous.

APPEAL DISMISSED; STRIKE WARNING ISSUED.