# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

December 20, 2007

Charles R. Fulbruge III
Clerk

No. 06-11277
Summary Calendar

RICKY GUEVARA MORENO

Plaintiff-Appellant

v.

TIM CURRY, in his individual and official capacity; PATRICK S DOHONEY, in his/her individual capacity; PATRICIA HATLEY, in his/her individual capacity; DEBRA DUPONT, in his/her individual capacity; ASHLEY D FOURT, in his/her individual capacity; C JAMES GIBSON, in his/her individual capacity; HAL SPAUGH, in his/her individual capacity; DON CARPENTER, in his/her individual capacity; DAVID WILLIAMS, in his/her individual capacity; DEE ANDERSON, in his/her individual capacity; THOMAS A WILDER, in his/her individual capacity; JOHN CORNYN, in his/her individual capacity

Defendants-Appellees

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:06-CV-238

Before KING, DAVIS and CLEMENT, Circuit Judges.
PER CURIAM:*

Ricky Guevara Moreno, Texas prisoner # 501109, appeals from the district court's dismissal of his pro se suit as frivolous and for failure to state a claim

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(i), (ii), and 1915A(b), and alternatively, pursuant to 42 U.S.C. § 1997e(e).  De novo review applies to the district court's dismissal.  See Geiger v. Jowers, 404 F.3d 371, 373 (5th Cir. 2005).

Moreno argues that the district court erred in determining that his claims were barred pursuant to Heck v. Humphrey, 512 U.S. 477, 486-87 (1994). Moreno's claims were based on the denial of access to records that allegedly would demonstrate the commission of perjury by his counsel during criminal proceedings.  Moreno has not shown that the district court's dismissal of his claims pursuant to Heck was erroneous.   See Brinkmann v. Dallas County Deputy Sheriff Abner, 813 F.2d 744, 748 (5th Cir. 1987) (recognizing that failure to identify an error in district court's reasoning is effectively the same as not appealing judgment).  Moreno contends that his claims were based on the denial of his right of access to the courts resulting from Texas officials' denial of his records requests and falsification of records.  Moreno's right of access to the courts was not implicated by his alleged difficulty in acquiring records where Moreno was able to file a legally sufficient claim without impediment.  See Foster v. City of Lake Jackson, 28 F.3d 425, 429-30 (5th Cir. 1994).

Moreno also argues that the district court erred in dismissing his claims brought under the Freedom of Information Act (FOIA), 5 U.S.C. § 552.  Moreno has failed to identify an error in the district court's determination that FOIA, by its terms, does not apply to state or municipal agencies.  See Brinkmann, 813 F.2d at 748; see also Wright v. Curry, 122 F. App'x 724, 725 (5th Cir. 2004).

Moreno argues that the district court erred in dismissing his claims brought under the Racketeer Influenced and Corrupt Organizations Act (RICO), 18 U.S.C. §§ 1961, 1962, and 1964.  The district court reasoned that Moreno did not allege injury to his business or property as required under § 1964(c).  Moreno submits on appeal that his personal income has been injured due to a child support judgment, or demand, by Texas Attorney General John Cornyn.  A RICO plaintiff is required to show that the alleged racketeering activity was both the

"but for" and proximate cause of the injury to his business or property. Holmes v. Sec. Investor Prot. Corp., 503 U.S. 258, 268 (1992). Moreno has not shown the requisite causal relationship between his child support obligation and the defendants' alleged predicate acts of mail fraud and obstruction of justice. See id.

Moreno argues that the district court erred in concluding that he was not entitled under Texas law to the records he sought. The district court correctly reasoned that under TEX. GOV'T CODE § 552.028(a) of the Texas Public Information Act, Texas governmental agencies are not required to accept or comply with records requests from prisoners or their agents, other than prisoners' attorneys. While § 552.028 did not take effect until June 5, 1995, any state law claim based on the denial of Moreno's alleged requests prior to June 5, 1995, was barred by the applicable statute of limitations. See TEX. CIV. PRAC. & REM. CODE § 16.051. Moreno also contends that the district court failed to consider whether his agents' records requests were improperly denied. His agents' alleged requests were made after § 552.028 became effective, and Moreno does not contend that the individuals acting on his behalf acted as his attorney. Therefore, Texas agencies were not required to accept or comply with the requests of those individuals. See § 552.028(a)(2).

Moreno asserts that his due process and equal protection rights were violated with respect to the denial of his records requests. To the extent this assertion constitutes an attack on the constitutionality of § 552.028, Moreno "does not have a federally-protected right to a free copy of his transcript or other court records merely to search for possible error in order to file a petition for collateral relief at some future date." Colbert v. Beto, 439 F.2d 1130, 1131 (5th Cir. 1971).

Moreno argues that the district court erred by dismissing his complaint without providing him an opportunity to amend his claims. Because Moreno's complaint failed to state any perceptibly viable claim or to present any arguable

basis in law or fact, the district court's dismissal without permitting Moreno an opportunity to amend his complaint was harmless. See Jones v. Greninger, 188 F.3d 322, 326-27 (5th Cir. 1999); Bazrowx v. Scott, 136 F.3d 1053, 1054 (5th Cir. 1998).

Moreno argues that the district court erred in finding that all of his claims accruing before April 3, 2004, failed to satisfy the two-year limitations period applicable to his claims under 42 U.S.C. § 1983. Moreno argues that the denial of his records requests constituted a continuing violation. Because the district court's decision is affirmed on other grounds, it is not necessary to decide whether Moreno's claims constituted a continuing violation. See Pete v. Metcalf, 8 F.3d 214, 218 (5th Cir. 1993); see also Sojourner T v. Edwards, 974 F.2d 27, 30 (5th Cir. 1992) (recognizing that this court may affirm on any grounds supported by the record).

Moreno has not briefed any challenge to the district court's dismissal on the basis of § 1997e(e). Moreno also does not challenge the district court's determination that 18 U.S.C. §§ 1341, 1503, 1506, and 1511 do not themselves create a private right of action. Therefore, Moreno has waived appellate review of these determinations. See Yohey v. Collins, 985 F.2d 222, 225 (5th Cir. 1993); Brinkmann, 813 F.2d at 748.

The district court did not err in dismissing Moreno's complaint as frivolous and for failure to state a claim. See Geiger, 404 F.3d at 373. Moreno previously had an action dismissed as frivolous under § 1915(e)(2)(B)(i). Moreno v. Bunton, No. 2:98-cv-00466 (S.D. Tex. November 17, 1998) (unpublished). His appeal from that decision was also dismissed as frivolous. Moreno v. Bunton, 193 F.3d 518 (5th Cir. 1999) (unpublished). Given our affirmance of the district court's dismissal of the instant suit, Moreno has accumulated at least three strikes for purposes of § 1915(g). See Adepegba v. Hammons, 103 F.3d 383, 387-88 (5th Cir. 1996). Accordingly, Moreno is now barred from proceeding in forma pauperis in

any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. See § 1915(g).

AFFIRMED; 28 U.S.C. § 1915(g) SANCTION IMPOSED.