**Larry MOORE, Appellant,**

v.

**Pamela HENRY, Appellee.**

No. 01–95–01027–CV.

Court of Appeals of Texas, Houston (1st Dist.).

May 2, 1996.

Larry Moore, Angleton, pro se.

Nancy K. Juren, Austin, for appellee.

Before COHEN, O'CONNOR and WILSON, JJ.

### OPINION ON MOTION FOR REHEARING

COHEN, Justice.

We grant appellee's motion for rehearing, withdraw our opinion of February 22, 1996, and issue this opinion in its stead.

This is an appeal from an order dismissing a frivolous mandamus. We affirm.

The appellant, Larry Moore, is a state prison inmate. Pamela Henry, the appellee, is the prison's medical records custodian. Moore's cause of action is based on the Public Information Act (PIA), formerly known as the Open Records Act.[1] TEX.GOV'T CODE ANN. §§ 552.001–.353 (Vernon Supp.1996). Moore

alleges that he requested access to his medical records, which Henry granted. However, he alleged that Henry allowed him only 30 minutes to review the records once every 30 days. In his mandamus, Moore alleged that this was a violation of the PIA.

Henry filed a denial and a motion to dismiss Moore's petition as frivolous. After a telephone conference with the parties, the trial court dismissed Moore's petition as frivolous. This appeal followed. In four points of error, Moore contends the trial court erred by dismissing his petition as frivolous.

■ The dismissal of inmate lawsuits is now governed by TEX.CIV.PRAC. & REM.CODE ANN. §§ 14.001–.014 (Vernon Supp.1996). An inmate's in forma pauperis suit may be dismissed either before or after service of process if the action is frivolous or malicious. TEX.CIV.PRAC. & REM.CODE ANN. § 14.003(a)(2) (Vernon Supp.1996). Where, as in this case, there has been no fact hearing before dismissal of the suit, the issue is whether the trial court properly determined that there was no arguable basis in law for the suit. See Hector v. Thaler, 862 S.W.2d 176, 178 (Tex.App.—Houston [1st Dist.] 1993, no writ). Thus, we accept the facts as set forth in Moore's petition and exhibits as true.

■ A writ of mandamus to compel disclosure of information under the PIA must meet the general requirements relating to mandamus. See Texas Indust. Accident Bd. v. Industrial Found., 526 S.W.2d 211, 214–15 (Tex.Civ.App.—Beaumont 1975), aff'd, 540 S.W.2d 668 (Tex.1976). To obtain mandamus relief Moore must show a clear abuse of discretion or the violation of a duty imposed by law. Johnson v. Fourth Court of Appeals, 700 S.W.2d 916, 917 (Tex.1985).

TEX.GOV'T CODE ANN. § 552.027 (Vernon Supp.1996) governs PIA requests by inmates and provides:

(a) A governmental body is not required to accept or comply with a request for information from an individual who is imprisoned or confined in a correctional facility.

---

1. Act of April 30, 1993, 73rd Leg., R.S., ch. 268, § 1, 1993 TEX.GEN. LAWS 596, amended by Act of May 29, 1995, 74th Leg., R.S., ch. 1035, § 1, 1995 TEX.GEN. LAWS 5127.

(b) Subsection (a) *does not prohibit* a governmental body from disclosing to an individual described by that subsection information held by the governmental body pertaining to that individual.

(Emphasis added).

Section 552.027 does not require a governmental body to comply with an inmate's request for information, even if that information pertains to that individual. Subsection (b) *does not prohibit* the governmental body from complying with such a request, but neither does it mandate compliance. The language "does not prohibit" in subsection (b) is permissive and allows the governmental body, in its discretion, to choose whether to comply with an inmate's PIA request, even if the requested information pertains to the inmate.

■ Because Henry had no mandatory duty to comply with Moore's PIA request, Moore's petition for writ of mandamus had no arguable basis in law. The trial court did not err by dismissing the petition as frivolous.

We affirm.