United States Court of Appeals
Fifth Circuit

**F I L E D**

**February 23, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 04-20529
Conference Calendar

_____

JOE ADAM RAMIREZ,

                                        Plaintiff-Appellant,

versus

LETICIA G. McQUEEN; JOHN CASTILLO;
SALVADOR BUENTELLO, also known as Sammy Salvador,

                                        Defendants-Appellees.

---------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:04-CV-1986
---------------------

Before BARKSDALE, GARZA, and STEWART, Circuit Judges.

PER CURIAM:[*]

     Joe Adam Ramirez, Texas prisoner #636417, appeals from the

dismissal of his 42 U.S.C. § 1983 action as frivolous and for

failure to state a claim, pursuant to 28 U.S.C. § 1915A(b)(1).

Ramirez contends that his continued confinement in administrative

segregation violates the Due Process Clause of the Fourteenth

Amendment and the Cruel and Unusual Punishment Clause of the

Eighth Amendment.  We review the district court's judgment

---

     [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

de novo, see Velasquez v. Woods, 329 F.3d 420, 421 (5th Cir. 2003), and we find no error.

First, Ramirez has failed to allege a protected liberty interest that was violated by his placement in administrative segregation due to classification as a gang member, see Pichardo v. Kinker, 73 F.3d 612, 613 (5th Cir. 1996), by the failure of officials to remove information about his gang affiliation from his prison records, see Velasquez, 329 F.3d at 421-22, or by any possible delays in Ramirez being considered for release on parole or mandatory supervision. See Malchi v. Thaler, 211 F.3d 953, 957, 959 (5th Cir. 2000). Second, Ramirez has failed to allege facts suggesting that the conditions of confinement in administrative segregation reflect deliberate indifference to his basic human needs. See Harper v. Showers, 174 F.3d 716, 719 (5th Cir. 1999). Finally, Ramirez is warned that the district court's dismissal of his action counts as one strike for purposes of 28 U.S.C. § 1915(g) and that once he accumulates three strikes he will be barred from proceeding in forma pauperis in any civil action or appeal filed while he is incarcerated or detained in any facility unless he "is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

AFFIRMED; SANCTION WARNING ISSUED.