IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

February 22, 2008

Charles R. Fulbruge III
Clerk

No. 07-40790
Summary Calendar

JOE ADAM RAMIREZ

Plaintiff-Appellant

v.

MD ROMANO DELCORE; NUECES COUNTY SHERIFF; CHRISTUS SPOHN
HOSPITAL MEMORIAL; UNKNOWN PARTIES, Other Unknown Officials

Defendants-Appellees

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 2:07-CV-48

Before WIENER, GARZA, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Plaintiff-Appellant Joe Adam Ramirez, Texas prisoner # 636417, appeals
from the dismissal of his 42 U.S.C. § 1983 complaint as frivolous and for failure
to state a claim. Ramirez contends that the defendants deprived him of his right
of access to the courts, subjected him to cruel and unusual punishment, and
deprived him of his right to due process by failing to provide him with his
medical records from his incarceration at the Nueces County Jail. He asserts

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion
should not be published and is not precedent except under the limited
circumstances set forth in 5TH CIR. R. 47.5.4.

that Nueces County should be held liable for failing to train jail personnel regarding prisoner requests for medical records and that jail personnel were negligent regarding his medical records. Ramirez argues that these medical records would have supported his contentions in his state and federal applications for habeas corpus relief that he was mentally incompetent to enter his guilty plea and that counsel was ineffective regarding his mental incompetence. Ramirez further contends that the district judge should have recused herself, and he moves for appointment of counsel.

Ramirez pursued state and federal habeas relief without the jail medical records. He first raised his incompetency contentions in federal court in 1997, in his second habeas corpus application, which was dismissed as successive and unauthorized. Ramirez was not deprived of his ability to prepare and present his state and federal habeas applications. Moreover, Ramirez did not attempt to obtain his Nueces County medical records until 2002, well after he became aware of the factual basis for his habeas contentions. Ramirez has failed to show a relevant actual injury. See Lewis v. Casey, 518 U.S. 343, 351 (1996).

Ramirez does not argue his contention that he was subjected to cruel and unusual punishment beyond merely stating the issue. He has failed to brief the issue adequately for appeal. See Brinkmann v. Dallas County Deputy Sheriff Abner, 813 F.2d 744, 748 (5th Cir. 1987).

Ramirez, a prisoner, has no state-created interest in obtaining his medical records. See TEX. GOV'T CODE ANN. § 552.028 (Vernon 2004); Moore v. Henry, 960 S.W.2d 82, 83-84 (Tex. App. 1996). His due process, municipal liability, and negligence claims were based on the alleged existence of such a right; those claims therefore are unavailing.

Ramirez's recusal contention, raised for the first time on appeal, is untimely. See United States v. Sanford, 157 F.3d 987, 989 (5th Cir. 1998). Moreover, adverse rulings alone do not call into question a district judge's impartiality. Liteky v. United States, 510 U.S. 540, 556 (1994).

Ramirez's appeal is frivolous and is dismissed. See 5TH CIR. R. 42.2. The dismissal of this appeal as frivolous counts as a strike under 28 U.S.C. § 1915(g), as does the district court's dismissal of Ramirez's complaint. See Adepegba v. Hammons, 103 F.3d 383, 387-88 (5th Cir. 1996). We previously affirmed the dismissal of an appeal by Ramirez as frivolous. See Ramirez v. McQueen, 122 F. App'x 164 (5th Cir. 2005). Because Ramirez has accumulated three strikes, he may not proceed in forma pauperis unless he "is under imminent danger of serious physical injury." § 1915(g).

APPEAL DISMISSED; APPOINTMENT OF COUNSEL DENIED; 28 U.S.C. § 1915(g) SANCTION BAR IMPOSED.