No: 12-15-00190-CV

TRIAL COURT NUMBER    3-42362

IN THE

12th COURT OF APPEALS

AT TYLER, TEXAS

IN RE BILLY ROSS SIMS, # 511649

FILED IN COURT OF APPEALS
12th Court of Appeals District

JUL 29 2015

TYLER TEXAS
CATHY S. LUSK, CLERK

FROM THE

3rd JUDICIAL DISTRICT COURT

OF

ANDERSON COUNTY, TEXAS

PETITION FOR WRIT OF MANDAMUS


PETITIONER

BILLY ROSS SIMS, # 511649
POWLEDGE UNIT
1400 FM 3452
PALESTINE, TEXAS 75803


RESPONDENT

MARK A. CALHOON
3rd Judicial District Court
of
Anderson County, Texas
500 N. Church Street,
Palestine, TX 75801

# TABLE OF CONTENTS

TABLE OF AUTHORITIES                                          ii. iii

IDENTITIES OF PARTIES            -            -                1

JURISDICTIONAL STATEMENT         -            -                1

INDIGENCE                        -            -                1

STATEMENT OF THE CASE            -            -                2

VIOLATION OF THE LAW             -            -                3-7

PRAYER                           -            -                8

CLERK'S RECORD:   EXHIBIT NUMBERS

Clerk's Letter Dated July 1, 2015 regarding
Order of Dismissal               -            -                A

ORDER OF DISMISSAL               -            -                B

Sims' Letter dated 25 February 2015 regarding
filing of Complaint              -            -                C

DECLARATION OF INABILITY TO PAY COST
dated 25 February 2015 sent with Complaint   -                D

Clerk's Letter Dated March 3, 2015 regarding
NOTICE OF FILING                 -            -                E

Sims' Letter to Clerk making inquiry about
Service of Process, dated March 20, 2015     -                F

Sims' Letter to Clerk making inquiry about
Service of Process, dated April 8, 2015      -                G

Sims' Letter to Judge Calhoon about Service
of process, dated April 11, 2015             -                H

# TABLE OF AUTHORITIES

CASES:

## SOUTHWEST REPORTER - Second

DeLOITTE & TOUCHE vs 14th Court of Appeals,
951 SW2d 394 (Supp. 1997 -  -  -  -  -  -  -  -  -  - 1

DOWNER vs AQUAMARINE OPERATORS,
701 SW2d 243 (Texas 1985)  -  -  -  -  -  -  - 4, 7

JOHNSON vs 4th Court of Appeals
700 SW2d 916 (Texas 1985)  -  -  -  -  -  -  -  - 1

MOORE vs HENTRY,
960 SW2d 82 (Tex.App. 1996) -  -  -  -  -  -  -  - 6

PENROD DRILLING CORP vs WILLIAMS
868 SW2d 294 (Texas 1993)  =  =  =  =  =  =  =  = 7

RIOS vs CALHOON
889 SW2d 257 (Texas 1994)  -  -  -  -  -  -  - 3, 7

## SOUTHWEST REPORTER - Third

ABDULLAH vs STATE
211 SW3d 938 (Tex.App. 2007) -  -  -  -  -  -  - 7

IN RE CANALES
52 SW3d 698 (Texas 2001)  -  -  -  -  -  -  - 6

IN RE SENSITIVE CARE, inc
28 SW3d 35 (Tex.App. 2000)  -  -  -  -  -  -  - 7

INSURANCE COMPANY OF PENNSYLVANIA vs MARTINEZ
18 SW3d 844  -  -  -  -  -  -  -  - 7

PADILLA vs McDANIEL
122 SW3d 805 (Tex.Crim.App. 2003)  -  -  -  -  -  - 1

## UNITED STATES SUPREME COURT

DENTON vs HERNANDEZ
112 S.CT. 1728 (1992)  -  -  -  -  -  -  - 5

ESTELLE vs GAMBLE, 97 S.CT. 285  -  -  -  -  - 5

HAINES vs KERNER
92 S.CT. 594  -  -  -  -  -  -  -  - 5

ROGERS vs TENNESSEE
121 S CT 1693 (2001) -  -  -  -  -  -  -  - 4

ROSE vs ROSE
107 S CT 2029 (1987) -  -  -  -  -  -  - -3, 6

STONE vs POWELL
96 S CT 3037  -  -  -  -  -  -  -  - 4

SWIERKIEWICZ vs SOREMA
122 S CT 992 (2002) -  -  -  -  -  -  -  - 5

# TABLE OF AUTHORITIES

CASES:

## FEDERAL REPORTER - Second

DEPARTMENT OF HEALTH vs DAVIS
616 F.2d 828 (5th Circuit 1980) - - - - 4, 6

## FEDERAL SUPPLEMENT

HARRIS vs TDCJ
806 F. Supp. 627 (S.D.Tex. 1992) - - - - 4

## VETERANS STATUTE

38 USC § 3101(a) - - - - - 4, 6
38 USC § 5301(a) - - - - - 4, 6

## TEXAS RULES OF CIVIL PROCEDURE

RULE 47 - - - - 4, 5

RULE 663a - - - - 7

## TEXAS CIVIL PRACTICES & REMEDIES CODE

Chapter 14 = = = = 4, 5, 6
§ 14.003(a) - - - 2, 6
§ 14.003(a)(b) - - - 2, 6
§ 14.003(c) - - - 5, 6
§ 14.008(a)(b) - - - 5, 6
Chapter 63.007 - - 7

## TEXAS GOVERNMENT CODE

22.001(a)(6) - - - 1
22.002(a) - - - 1
22.221(b) - - - 1

## CODE OF JUDICIAL CONDUCT

Canon 2A - - - 3
Canon 3B(2) - - - 4
Canon 3B(8) - - - 5

## SOUTHWEST REPORTER - Third

GARRETT vs BORDEN, 283 SW3d 852 (Texas 2009) - - Appendix

CAUSE NUMBER:_____

| | | |
|---|---|---|
| IN RE BILLY ROSS SIMS, pro se<br>Relator | § | IN THE |
| | § | COURT OF APPEALS |
| Mark Calhoon, Judge<br>3rd Judicial District Court<br>of Anderson County, Texas<br>Respondent | §<br><br>§ | TWELFTH DISTRICT OF TEXAS |

## ORIGINAL PETITION FOR WRIT OF MANDAMUS

TO THE HONORABLE COURT OF APPEALS:

Comes now the Relator, Billy Ross Sims (Sims), pro se, in the above numbered cause and files this original petition for writ of mandamus and would show the Court:

### JURISDICTION

The Court of Appeals has jurisdiction over the trial courts. see PADILLA vs McDANIEL, 122 SW3d 805 (Tex.Crim.App. 2003); Tex.Govt.Code §§ 22.001(a)(6), 22.002(a), 22.221(b); JOHNSON v 4th COURT OF APPEALS, 700 SW2d 916, 917 (Texas 1985); DeLOITTE & TOUCHE v 14th Court of Appeals, 951 SW2d 394 (Supp. 1997). The trial court has committed an error of law of such importance to the State's jurisprudence that it should be corrected.

### PARTIES

RELATOR: Billy Ross Sims, TDCJ-CID # 511649, a State prisoner at the Powledge Unit, Anderson County, 1400 FM 3452, Palestine, TX 75803.

RESPONDENT: Mark Calhoon (Calhoon), elected court judge at the 3rd Judicial District Court of Anderson County, TX, 500 N. Church Street, Palestine, TX 75801.

### INDIGENCE

Relator has filed an affidavit of his indigence with the clerk of the court.

## STATEMENT OF THE CASE

Sims filed a 1983 civil suit at the prison mailbox on 2-27-15. (Clerk's Record, Sims' letter dated April 11, 2015 to Calhoon, see Exhibit H). The Complaint (see Clerk's Record, Complaint pages 1-10) complied with State and Federal 'notice pleading rules.' It alleged that State elected and appointed officials, sued in their individual capacities, were violating Sims' civil and constitutional rights under color of law to deny him equal protection of the law and were applying a new law in an ex post facto, retroactive manner, and described how the violations were occurring. Sims tendered In Forma Pauperis Affidavit (Clerk's Record, Exhibit D). Sims' sole income is a VA benefit exempt from the legal and equitable process, exempt from seizure, levy, attachment or assignment. The clerk made no contest to the IFP application, and State law absolutely entitled Sims to the IFP status and the court lost jurisdiction to impose costs and fees at a later time. On June 30, 2015, Calhoon initialed an Order of Dismissal (Clerk's Record, see Exhibit B) and referred to Chapter 14 Civil Practice & Remedies Code, section 14.003(a)(b), without a factfinding hearing, called Sims' claims 'frivolous' under 14.003 (a)(2), and ordered imposition of costs and fees totaling $274, and that the clerk send a copy of the Order and Complaint to the department's General Counsel's Office Litigation Support Program for the purpose of seizing and attaching the VA benefits in violation of State and Federal law. The Court was without jurisdiction when it initialed the void order, and the ruling is bad faith as a matter of law, intended to force Sims into an expensive appeal and intentionally delay the proceedings in violation of the Canons of Judicial Conduct Sims filed a timely request for findings of fact and conclusions of law via the prison mailbox on July 8, 2015 (Clerks Record.)

2

## VIOLATION OF THE LAWS

Respondent Calhoon has made a ruling that is bad faith as a matter of law. The Order of Dismissal Calhoon initialed on June 30, 2015 is a void Order subject to this collateral attack, because no contest was made to the IFP affidavit, the court lost jurisdiction to impose costs and fees at a later time. See RIOS vs CALHOON, 889 SW2d 257, 258-59 (Texas 1994).

Calhoon took an oath of office to uphold state and federal laws and is refusing to do so. The bad faith ruling violates Canon 2A of the Code of Judicial Conduct because Calhoon is required to respect and comply with the law, includes the appearance of impropriety and includes violations of the law. Since Calhoon understood that Sims' sole income was a VA benefit exempt from seizure, levy and attachment Calhoon's intent in imposing costs and fees when he knew that the law did not give the court any jurisdiction to do so, was to deny or impede Sims in the exercise and enjoyment of his right to have the VA funds exempt from the enumerated judicial processes. Calhoon ordered the clerk to send a copy of his Order and the complaint to the department's Litigation Support program with the intent that the department act to misappropriate the VA funds, which they did in violation of the law.

"If a party files an affidavit of inability to pay costs ... and no contest ... Thereafter the party is absolutely entitled to the exemption from costs." RIOS, supra. "The trial court lacks the authority to affect the party's entitlement." ID.

The U.S. Supreme Court holds that veterans benefits "Shall not be liable to attachment, levy, or seizure by or under any legal or equitable process whatever, either before or after receipt" by the veteran. ROSE v ROSE, 107 S.CT. 2029 (1987).

3

## VIOLATION OF THE LAWS

"Texas is wholly bound by US Laws and Constitution." HARRIS vs TDCJ, 806 F.Supp. 627 (S.D.Tex. 1992). "State court has a constitutional obligation to uphold federal law." STONE vs POWELL, 96 S.CT. 3037. In ordering TDCJ to seize Sims' VA benefits, when they are not a party to the litigation is also an abuse of the court's discretion by Calhoon. This violates Canon 3 of the Code of Judicial Conduct, section B(2), that requires Calhoon "shall be faithful to the law and maintain professional competence in it." This he refuses to do.

The Veterans Statutes, §§38 USC 3101(a), 5301(a) 'also precludes anyone from using any legal or equitable process to attach, levy or seize these benefits.' DEPARTMENT OF HEALTH vs DAVIS, 616 F.2d 828 (5th Circuit 1980). Calhoon acting for the court was prohibited from defeating the effects of a statute by judicial construction of his ruling using Chapter 14 of the Civ.Prac.Rem.Code. ROGERS v TENNESSEE, 121 S.CT. 1693 (2001), to effect a seizure of the VA benefits. The fact that Calhoon was successful in prompting the department to seize the VA benefits continues to cause irreparable harm to Sims and acts to deprive him of access to the funds. Calhoon knew that the VA benefit was exempt from any formulary used to calculate cost and fees and he knew the court had no jurisdiction to impose costs and fees, thus his ruling is bad faith as a matter of law.

Calling Sims' claims 'frivolous' at the pleading stage was bad faith as a matter of law because Sims' Complaint complied with state and federal 'notice pleading' rules. DOWNER v AQUAMARINE OPERATORS, 701 SW2d at 243 (Texas 1985) "Texas Rules of Civil Procedure 47 requires that a petition contain a short statement of the cause of

4

action sufficient to give fair notice of the claim involved. Our rules do not require pleadings to contain evidence or factual detail."

Further, the rules do not require plaintiff to cite any caselaw in support of the claim, nor to make a prima facie case in the pleadings at the pleading stage. SWIERKIEWICZ v SOREMA, 122 S.CT. 992 (2002). Since Calhoon merely recited the statute and made a conclusory statement that the claims were 'frivolous' without any factfinding hearing or explaining in any way how the facts and law rendered the claims 'frivolous' the intent of the ruling appears to be bad faith as a matter of law, and intended to force Sims to enter into an expensive appeal process and this violates Canon 3(B)(8) of the Code of Judicial Conduct because it imposes unnecessary cost and delay. It disposed of Sims' claims and caused irrepairable harm.

If Sims' claims had been 'the department will not sell me chunky peanut butter' then perhaps a finding that the claims were 'frivolous' would be merited; however, 'the department' is not a party to the suit and truthful allegations that State elected or appointed officials are violating Sims' right to equal protection of the law and his rights to be protected from ex post facto retroactive application of new laws is clearly not 'frivolous' at the pleading stage under state and federal law of 'notice pleading' and call for factfinding and due process. Sims' pro se complaint was entitled to liberal reading, ESTELLE v GAMBLE, 97 S.CT. 285; HAINES v KERNER, 92 S.CT. 594 (1972). Further, "In Forma Pauperis complaint may not be dismissed as frivolous simply because court finds plaintiff's allegation unlikely." DENTON v HERNANDEZ, 112 S.CT. 1728, 1733-34 (1992). As applied, Chapter 14, Tex.Civ.Prac.Rem.Code is unconstitutional because Calhoon failed to hold a due process hearing as permitted by 14.003(c) or 14.008(a)(b).

5

Interpretation of the veterans statute, and, Chapter 14 of the Texas Civil Practices & Remedies Code is a question of law over which Calhoon had no discretion. IN RE CANALES, 52 SW3d 698 (Texas 2001). The veterans benefits are exempt from the judicial processes, see ROSE: DEPARTMENT OF HEALTH, supra.

While §§ 14.003 TCPRC deals with Dismissal of Claim under (a) and (b), section (c) clearly refers to a hearing in addressing section (a) applicability, and section (a)(2) addresses 'frivolous' claim. In making reference to a 'hearing' under 14.003(c), section 14.008(a) and (b) present the scope of the due process protections for the inmate, and Calhoon was able to avoid the due process by failing to hold such a hearing prior to his ruling that the claims were 'frivolous' which at the pleading stage is a clear abuse of the court's discretion, and thus as applied, Chapter 14 is an unconstitutional statute. Calhoon knew that the only funds in Sims' ITF account were VA benefits, and used Chapter 14 as an excuse to use a proxy to seize the benefits illegally by falsely labeling Sims' constitutional claims 'frivolous' and Calhoon's statement has no basis in law. Texas Courts hold that where there has been no factfinding hearing, the appellate issue is whether the trial court properly determined the claims were frivolous in inmate's in forma pauperis suit. See for example MOORE vs HENRRY, 960 SW2d 82 (Tex. App. 1996). BLACK'S LAW DICTIONARY, 3rd Pocket Ed. 2008, defines "Frivolous" as lacking a legal basis or legal merit; not serious; not reasonably purposeful. Sims' claims are that State actors are violating equal protection rights, and, imposing ex post facto a new law, do in fact have legal merit and a legal basis, thus Calhoon has made a ruling that is bad faith as a matter of law.

Texas Courts are bound only by decisions of the US Supreme Court and the Texas Supreme Court. IN RE SENSITIVE CARE, inc., 28 SW3d 35, 39 (Tex.App. 2000), cf PENROD DRILLING CORP vs WILLIAMS, 868 SW2d 294, 296 (Texas 1993); and because of the ruling in RIOS, supra, the fact that no challenge to Sims' IFP application occurred, the trial court in this case lost jurisdiction to impose on Sims at a later date, cost and fees, and Calhoon initialed a void Order of Dismissal, and the void Order was used to seize VA benefits in violation of clearly established law prohibiting such seizure, causing Sims irrepairable harm. Calhoon was acting as an agent for the clerk in collecting 'cost and fees' by ordering garnishment of Sims' ITF account, for which State law vests Sims with a property right. ABDULLAH v STATE, 211 SW3d 938 (Tex.App 2007), and Calhoon's use of Chapter 14 to effect the garnishment conflicts with the Texas Rules of Civil Procedure Rule 663a which is unambiguous in its requirement that Sims be given notice of the garnishment and of his right to regain his property, and about specific information that must be provided so that the garnishment may be contested. The Civil Practices and Remedies Code, § 63.007 applies to garnishment of inmate accounts, but those rules were not followed either.

Calhoon abused the court's discretion by acting arbitrarily, without reference to guiding rules or principles and misapplied the law to the established facts of the case. DOWNER, supra.

This Court of Appeals would have no jurisdiction to consider the merits of an appeal from a void judgment, INSURANCE Co. of PENNSYLVANIA vs MARTINEZ, 18 SW3d 844, and mandamus is appropriate to set aside Calhoon's void Order.

7

## PRAYER

Sims prays that this court will provide liberal reading of his pro se petition. That this court find that no contest was made to the IFP application, and under RIOS, supra, the trial court had no jurisdiction to enter an Order imposing cost and fees, and find the Order is void as a matter of law. Relator prays that this Court will provide all equitable relief by granting the writ of mandamus and under TRAP Rule 44 find the trial court committed remediable error and direct the court to correct the error it committed in imposing cost and fees with no jurisdiction, or in the alternative find the subject Order of Dismissal void. That this Court will Order the trial court to produce findings of fact and conclusions of law, necessary for review; that this court will order the district clerk to produce the Clerk's Record; and find that the Exhibits of this Petition are sufficient under GARRETT, infra, for appellate review. That this court will Order the trial court to withdraw its June 30, 2015 Order of Dismissal, and send notice to the department's Office of General Counsel's Litigation Support program and order it to return the VA benefits seized because they are protected by law from seizure under equitable and legal process, and if the Anderson County District Clerk has received any funds derived from Relator's Inmate Trust Fund account as a result of the trial court's Order that the funds be returned to the department to be returned to Relator's ITF account because those funds were VA benefits not subject to the Order. That this Court will find that the Order of Dismissal was initialed and issued without due process in violation of state and federal law and under TRAP Rule 43.2 reverse the trial court's Order and remand for further proceedings and service of process. Find that no hearing

8

# PRAYER

was conducted by the trial court and no testimony was received under any hearing permitted by 14.003(c) and 14.008(a) or (b), and Order the trial court to hold such a due process hearing to protect relator's rights to a record, since the trial court hearing officer is using the term 'frivolous' to dismiss the valid constitutional claims at the pleading stage, and find that this is also improper under state and federal laws at the pleading stage. Find that VA benefits are exempt from seizure, levy, assignment or attachment under state and federal law, and that the department had no authority to seize relator's VA benefits that the department officials knew were VA benefits not subject to seizure, and that the seizure caused relator irrepairable harm as defined by law.

Relator has asked the Court to waive the filing fee and allow him to proceed in forma pauperis, and he does not have the capacity to recopy and mail the text of the caselaw, or Statutes or Rules of Civil Procedure or Appellate Procedure or Civil Practices & Remedies Code referred to above, The court is asked to take judicial notice of its own records and Suspend TRAP Rule 52.3(j)(1)(C).

Relator ask the court to consider the facts herein as they are ultimately discovered to be in that no challenge was made to the IFP application, and under RIOS the court had no jurisdiction to impose cost and fees at a later time; and that valid equal protection and ex post facto constitutional violations are not 'frivolous,' and the trial court hearing officer abused the court's discretion.

Respectfully prayed for, this 27th Day of July, 2015.

Billy R. Sims, 511649
Powledge Unit, 1400 FM 3452
Palestine, TX 75803

9

## VERIFICATION

I, Billy R. Sims, 511649, being presently incarcerated in the TDCJ, Powledge Unit, declare under penalty of perjury that the foregoing is true and correct of my own beliefs, signed this 27th Day of July, 2015.

BILLY R. SIMS, 511649
1400 FM 3452
Palestine, TX 75803

10

GARRETT vs BORDEN, 283 SW3d 852 (Texas 2009)
Because Chapter 14 does not contain a
definition of the term 'copy' it must
apply its ordinary or common meaning
which includes a hand-typed, verbatim
reproduction.

APPENDIX

Anderson County

Janice Staples          Palestine, Texas 75801
District Clerk
Telephone (903) 723 7412                500 N. Church Street Room 18
                                        Palestine, Texas 75801


July 1, 2015

BILLY ROSS
TDCJ#511649
POWLEDGE UNIT
1400 FM 3452
PALESTINE, TX 75803-2350


                          RE: 3-42362
          BILLY SIMS #511649 vs CARTER THOMPSON ET AL

Dear Mr. Ross:

Enclosed for your file is a copy of the ORDER OF DISMISSAL in the
cause number referenced above.

Cordially,

JANICE STAPLES, DISTRICT CLERK
ANDERSON COUNTY, TEXAS


signed Becky Brewster
Deputy

Enclosure
XC: File

EXHIBIT A

| | | |
|---|---|---|
| BILLY SIMS | § | IN THE DISTRICT COURT |
| #511649 | § | 3rd JUDICIAL DISTRICT |
| VS | § | ANDERSON COUNTY, TEXAS |
| CARTER THOMPSON ET AL | | |

## ORDER OF DISMISSAL

On March 2, 2015, Plaintiff filed their Complaint. It is obvious to the Court that this civil action is not brought under the Family Code and is a cause of action governed by Chapter 14 of the Texas Civil Practices and Remedies Code. The Court finds that the claim to be frivolous or malicious.

The Court files the claims frivolous under Chapter 14.003(a)(b). Plaintiff's request is denied.

It is hereby, ORDERED, ADJUDGED AND DECREED that the action of Plaintiff against Defendant be dismissed without prejudice.

It is further ORDERED that the inmate pay an amount equal to the lesser of:

(1)  20 percent of the preceding six month deposits to the inmate's trust account; or

(2)  the total amount of court fees and costs charged to the inmate in this cause.

In each month following the month in which payment is made above, the inmate shall pay an amount equal to the lesser of:

(1)  10 percent of that month's deposits to the trust account; or

(2)  the total amount of court fees and costs that remain unpaid as charged to the inmate in this cause.

Such monthly payments shall continue until the total amount of court fees and costs are paid or until the inmate is released from confinement.

The District Clerk shall forward a current cost bill, a copy of the Plaintiff's original complaint, and a copy of this order to the Texas Department of Criminal Justice, Litigation Support Program. The Texas Department of Criminal Justice shall withdraw money from the trust account of the inmate in accordance with this order and shall hold the money in a separate account. The Texas Department of Criminal Justice shall forward the money to the District Clerk of Anderson County on the earlier of the following dates:

(1)  the date the total amount to be forwarded equals the total amount of court fees and costs $ 274.00    that remain unpaid; or

(2)  the date the inmate is released.

SIGNED AND ENTERED on this the____ day of 6/30/15           2015

unidentifiable initials

_____

Presiding Judge

FILE STAMPED
2015 JUN 30 PM 4:36
District Clerk
Anderson County, TX

EXHIBIT B

25 FEB 15

Ms. Wanda Burke, Clerk
Anderson County, Texas
500 North Church
Palestine, TX 75801

RE: Filing of Complaint, and Service of Process
TO THE HONORABLE WANDA BURKE:

Dear Ms. Burke, please find enclosed an original complaint under §1983, and ten copies for service of process on the named defendants.

I have tendered an Affidavit of Inability to Pay Cost and I am indigent within the meaning of the State's definition.

Would you please send me the number of the cause you assign to this case? I have enclosed an SASE for the purpose, thank you.

Kind regards,

Billy R. Sims, 511649
Powledge Unit, TDCJ-CID
1400 FM 3452
Palestine, TX 75803-2350

EXHIBIT C

## DECLARATION OF INABILITY TO PAY COST

Comes now Billy Ross Sims, 511649, and declares I am unable to pay the cost in this cause and am too poor to afford counsel and request leave to proceed in forma pauperis. I am indigent within the meaning of the term, and the court has previously recognized this and granted in forma pauperis status, and would show the court the following:

1. I am presently incarcerated at the Powledge Unit, TDCJ-CID where I am not allowed to earn or handle money.
2. I have no spousal income.
3. I only have $4.28 credited to me in the Inmate Trust Fund.
4. During my incarceration I receive $133.17 a month from a VA disability benefit exempt from levy, attachment, seizure or assignment. I have not received any money as a gift from family or friends in the last 6 months.
5. I do not own any interest in realty, stocks, bonds or bank accounts nor receive any interest or dividend income from any source.
6. I have no dependents.
7. I have a total debt of $20,000.00.
8. My monthly expenses are about $133.00.

I, Billy R. Sims, 511649, being presently incarcerated in the TDCJ-CID, declare under penalty of perjury that the foregoing is true and correct:

Signed this 25th Day of February 2015.

BILLY R. SIMS, 511649
1400 FM 3452
Palestine, TX 75803-2350

EXHIBIT D

Anderson County

JANICE STAPLES
District Clerk                                    500 North Church Street, Room 18
Telephone (903) 723 7412                          Palestine, Texas 75801
                    Palestine, Texas 75801

March 3, 2015

                          NOTICE OF FILING

Billy Ross Sims #511649
Powledge Unit
1400 FM 3452
Palestine, Texas75803-2350

RE: Complaint

Dear Mr. Sims;

Please be advised that your Complaint was received and filed in
Anderson County District Clerk's office on March 2, 2015. Your case
was given Cause Number 3-42362 in the 3rd Judicial District Court of
Anderson County, Texas.

Sincerely,

signed Janice Staples
Janice Staples, District Clerk

                          EXHIBIT E

March 20, 2015

Ms. Janice Staples, District Clerk
500 North Church Street, Room 18
Palestine, Texas 75801

RE: CAUSE NUMBER  3-42362  3rd Judicial District Court
TO THE HONORABLE JANICE STAPLES:

I'm writing to make inquiry on the above case number and the status of the Service of Process. Can you inform me of the name and address of the Constable charged with the Service of Process? I would like to have a copy of the Return to calculate Default Judge-,emt.

Also, can you inform me of the name of the presiding judge of the 3rd Judicial District Court of Anderson County, Texas, and any address if it differs from your's?

I have enclosed a SASE for your professional reply.

In closing, I noticed that your NOTICE OF FILING letter dated March 3, 2015, didn't list your website address; and so could you send me your official website location so that I may refer others to it?

Kind regards,

Billy Ross Sims, 511649
Powledge Unit
1400 FM 3452
Palestine, TX 75803-2350

EXHIBIT F

April 8, 2015

Ms. Janice Staples, District Clerk
500 North Church Street, Room 18
Palestine, Texas 75801

RE: Cause Number 3-42362 3rd Judicial District Court of Anderson
County, Texas

Subject: Service of Process regarding Complaint and Citation
TO THE HONORABLE JANICE STAPLES:

I'm writing to make inquiry on the above numbered case and the status of the issuing of the Citation and service of process?

When I filed the complaint, my letter dated 25 FEB 15 that I sent with the copies for each named defendant, I had indicated the copies were for service of process. I'm a pro se layman, and perhaps not as knowledgible of standard practices. Was it required that I actually ask the clerk for "Citation" to be issued? I apologize for any error in protocol, but I would like to have Citation issued for each defendant and service of process with each of the copies I sent for that purpose.

Your subsequent NOTICE OF FILING letter to me, dated March 3, 2015 sent me the number of the assigned cause you issued and the name of the 3rd Judicial District Court of Anderson County, Texas.

On March 20, 2015 I sent your office an inquiry on the status of the case regarding service of process, but I didn't get any reply from your office. I asked a friend to call your office but she was told your computer system is down and to keep calling back, but I am asking about the service of process which I presumed as a pro se lay-man included the issuing of the Citation and mailing of the complaint to the defendants via service of process.

Can you tell me if you have accomplished that? My access to the court is limited to the U.S. Mail unless you can arrange for a phone conference with me here at the local law library of the prison unit where I might be able to get the matter straight and understand if you require anything further from my side?

Can you send me the URL of your website so I can refer others to it and keep track that way? I had enclosed a self addressed stamped envelope with my previous inquiry and you should have that in the record. Can you acknowledge if you received that mailing? My last letter to your office was dated March 20, 2015. Thank you, sincerely, BILLY ROSS SIMS, 511649, Powledge Unit, 1400 FM 3452, Palestine, TX 75803.



EXHIBIT G

April 11, 2015

Judge Mark A. Calhoon
3rd Judicial District Court of
Anderson County, Texas
500 North Church Street, Room 18
Palestine, Texas 75801

RE: Case Number 3-42362 - Billy Ross Sims, TDCJ # 511649

TO THE HONORABLE MARK CALHOON:

Dear Judge Calhoon,

I am the Petitioner in the above numbered cause. I filed the Complaint on February 27, 2015, under the prison mailbox rule; and the District Clerk, Janice Staples sent me a NOTICE OF FILING letter dated March 3, 2015.

I supplied the clerk with a copy of the Complaint for every named defendant, see my letter dated 25 FEB 15 to the clerk attached below; and my pro se language indicated the copies were for 'Service of Process.' It didn't occur to me as a layman that I needed to or was required to actually ask for "Citation" to be issued, as I had presumed this was inclusive of Service of Process.

When I didn't hear back from the clerk within a reasonable time on the Service of Process, I sent a letter dated March 20, 2015, see copy of letter attached below, asking after the Service of Process status. I didn't get a reply, and so I asked a person to call the clerk and make an inquiry, but the clerk's office told my factotum that their website (the clerk's website) was 'down' and to call back every day. This didn't resolve the question of the Service of Process. It was reasonable to expect the clerk to respond professionally to my inquiry about the Service of Process, but I still haven't received a reply and I furnished an SASE with the March 20, 2015 letter.

I have sent a 'Second Request' letter dated April 8, 2015; but it occurs to me that I should write to you as the judge to let you know about my ernest efforts to obtain Service of Process. My access to the court is limited to the US Mail, unless you'd agree to a tele-conference with me at the law library here? Would you consider giving me a limited appointment of counsel to resolve the service of p rocess issue? The Anderson County District Clerk appears to be refusing to communicate with me and this denies me access to the courthouse.

EXHIBIT H

I would like to move forward with the case and any consideration would be sincerely appreciated.

Kind regards,

Billy R. Sims, 511649
Powledge Unit
1400 FM 3452
Palestine, TX 75803-2350

EXHIBIT H