# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

### NO. 03-19-00035-CV

**Robert Brown III, Appellant**

**v.**

**City of Austin, Appellee**

### FROM THE 201ST DISTRICT COURT OF TRAVIS COUNTY
### NO. D-1-GN-17-006945, THE HONORABLE ERIC SHEPPERD, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Robert Brown, III, pro se, appeals the trial court's dismissal of his petition for a writ of mandamus seeking to compel the City of Austin to produce two police reports pursuant to Brown's request under the Texas Public Information Act (PIA). The trial court dismissed Brown's suit on the City's motion to dismiss filed under chapter 14 of the Civil Practice and Remedies Code. *See* Tex. Civ. Prac. & Rem. Code § 14.003(a)(2) (permitting courts to dismiss inmate claims that are frivolous). We affirm the trial court's dismissal order.

### BACKGROUND AND STANDARD OF REVIEW

After the City refused to produce two police reports[1] to Brown in response to his PIA request, he filed a suit for writ of mandamus in the trial court seeking to compel the City to

---

[1] The two police reports that Brown sought were concerning (1) "an offense" allegedly committed by him on or about May 20, 2004 and (2) "an offense" allegedly committed by a third party in September 2003. His petition alleged that the reports "are needed in the interest of justice," and his appellate brief contends that the reports "are essential to me proving my innocence" of

produce the reports. *See* Tex. Gov't Code § 552.321 (authorizing suits for writ of mandamus to compel governmental body to make available information that is public). Brown was an inmate at the Texas Department of Criminal Justice when he filed his petition and remains incarcerated. The City answered the lawsuit and then filed a chapter 14 motion to dismiss. *See* Tex. Civ. Prac. & Rem. Code § 14.003.

In its motion, the City contended that Brown's suit has no arguable basis in law because he is and was at all relevant times an inmate, and a governmental body's compliance with an inmate's PIA request is purely discretionary. *See* Tex. Gov't Code § 552.028 (pertaining to PIA requests from inmates). The City also contended that Brown could not meet the requirements of entitlement to mandamus relief. *See, e.g.*, *Republican Party of Tex. v. Dietz*, 940 S.W.2d 86, 88 (Tex. 1997) (noting that movant seeking mandamus relief must establish that public official or body failed to perform ministerial duty or committed clear abuse of discretion and that there is no adequate remedy at law).

We review the trial court's order dismissing Brown's petition for an abuse of discretion. *See Hamilton v. Pechacek*, 319 S.W.3d 801, 809 (Tex. App.—Fort Worth 2010, no pet.). A trial court abuses its discretion if it acts in an arbitrary or unreasonable manner without reference to any guiding rules and principles. *Crawford v. XTO Energy, Inc.*, 509 S.W.3d 906, 911 (Tex. 2017).

---

the charges for which he was convicted. While the record does not contain information specifically identifying the offense(s) for which Brown was convicted, his petition and appellate briefs make reference to sexual abuse of a child, identify the child at issue as his "soon to be step-son" (because Brown had been engaged to the child's mother), and identify Brown as "the alleged perpetrator."

## DISCUSSION

The PIA affords governmental bodies discretion in determining whether to comply with information requests of inmates. Tex. Gov't Code § 552.028(a) ("A governmental body is not required to accept or comply with a request for information from . . . an individual who is imprisoned or confined in a correctional facility[.]"), (b) ("This section does not prohibit a governmental body from disclosing to an [inmate] information held by the governmental body pertaining to that individual."); *see Harrison v. Vance*, 34 S.W.3d 660, 662–63 (Tex. App.—Dallas 2000, no pet.) ("We join our sister courts in holding disclosure of information is discretionary when that information is requested by an individual imprisoned or confined in a correctional facility, regardless of whether such information pertains to the individual requesting it."); *Hickman v. Moya*, 976 S.W.2d 360, 361 (Tex. App.—Waco 1998, pet. denied) (holding that governmental body is not required to furnish requested information to inmate even if information pertains to inmate and dismissing inmate's lawsuit); *Moore v. Henry*, 960 S.W.2d 82, 84 (Tex. App.—Houston [1st Dist.] 1996, no writ) (same). Because a governmental body's disclosure of information requested by an inmate is discretionary—rather than a ministerial act—mandamus will not issue to compel the act, and Brown has no arguable basis in law to support his claim. *See Harrison*, 34 S.W.3d at 663; *Moore*, 960 S.W.2d at 84.

While appearing to concede this point on appeal, Brown contends that the trial court abused its discretion in dismissing his case because the City must nonetheless provide him the police reports under section 261.201 of the Family Code,[2] which in relevant part provides:

---

[2] While Brown did not cite to this section of the Family Code in his petition, at the hearing on the City's motion to dismiss he cited it and made the same basic argument to the trial court that he makes on appeal. We conclude that he, therefore, preserved the argument. *See* Tex. R. App. P. 33.1 (to present complaint on appeal, record must show that appellant made complaint

(a) Except as provided by Section 261.203, the following information is confidential, is not subject to public release under [the PIA], and may be disclosed only for purposes consistent with this code and applicable federal or state law or under rules adopted by an investigating agency:

(1) a report of alleged or suspected abuse or neglect made under this chapter and the identity of the person making the report; and

(2) except as otherwise provided in this section, the files, reports, records, communications, audiotapes, videotapes, and working papers used or developed in an investigation under this chapter or in providing services as a result of an investigation.

(b) A court may order the disclosure of information that is confidential under this section if:

(1) a motion has been filed with the court requesting the release of the information;

(2) a notice of hearing has been served on the investigating agency and all other interested parties; and

(3) after hearing and an in camera review of the requested information, the court determines that the disclosure of the requested information is:

(A) essential to the administration of justice; and

(B) not likely to endanger the life or safety of:

(i) a child who is the subject of the report of alleged or suspected abuse or neglect;

(ii) a person who makes a report of alleged or suspected abuse or neglect; or

(iii) any other person who participates in an investigation of reported abuse or neglect or who provides care for the child.

. . .

(g) Notwithstanding subsection (b), the department [of Family and Protective Services], on request and subject to department rule, shall provide to the parent, managing conservator, or other legal representative of a child who is the subject of reported abuse or neglect information concerning the reported abuse or neglect

---

to trial court by timely request, objection, or motion and that trial court expressly or impliedly ruled on it or refused to rule and complaining party objected to refusal).

that would otherwise be confidential under this section if the department has edited the information to protect the confidentiality of the identity of the person who made the report and any other person whose life or safety may be endangered by the disclosure.

. . .

(k) Notwithstanding Subsection (a), an investigating agency, other than the department or the Texas Juvenile Justice Department, on request, shall provide to the parent, managing conservator, or other legal representative of a child who is the subject of reported abuse or neglect, or to the child if the child is at least 18 years of age, information concerning the reported abuse or neglect that would otherwise be confidential under this section. The investigating agency shall withhold information under this subsection if the parent, managing conservator, or other legal representative of the child requesting the information is alleged to have committed the abuse or neglect.

Tex. Fam. Code § 261.201.

We understand Brown to be contending that he is entitled to the police reports under subsections (g) and (k) of section 261.201. However, subsection (g) on its face applies only to requests for information made to the Department of Family and Protective Services (the Department). *See id.* § 261.201(g) ("[T]he [D]epartment . . . shall provide to the parent . . . information concerning the reported abuse . . . ."). Brown made his request to the City, not the Department, and subsection (g) is thus inapplicable. *Cf. Rodarte v. Texas Dep't of Family & Protective Servs.*, No. 04-10-00880-CV, 2012 WL 2020989, at *3 (Tex. App.—San Antonio June 6, 2012, no pet.) (mem. op.) (holding that section 552.028 of Government Code does not relieve Department from its obligation under section 261.201(g) of Family Code to provide access to its file on children who were subject of reported abuse or neglect to inmate parent of those children). Brown's suit against the City, therefore, has no arguable basis in law under Family Code section 261.201(g).

5

We similarly conclude that subsection (k) is inapplicable to the facts as alleged by Brown. Subsection (k) allows a "parent, managing conservator, or other legal representative of a child" to obtain requested reports of abuse or neglect of that child from an investigating agency, unless the requesting person "is alleged to have committed the abuse or neglect." Brown alleged that, at the relevant time, he was the "soon to be" step-father of the child allegedly abused, co-habited with the child's mother, played a "parental role" with the child, and was a "de facto" parent to the child by "routinely perfom[ing] a share of the care-taking functions at least as great as that of the parent who has been the child's primary caregiver without any expectation of compensation for his care." However, Brown has not alleged any facts supporting his status as a parent or managing conservator as those terms are defined in the Family Code, *see* Tex. Fam. Code §§ 101.019 (defining managing conservatorship), .024(a) (defining parent), and he has not alleged any facts supporting a contention that he is or was ever a legal representative of the child.[3] Furthermore, Brown admits that one of the two police reports identifies him as the alleged perpetrator and, for that reason, he additionally has no right to that report under section 261.201. *See id.* § 261.201(k) ("The investigating agency shall withhold information . . . if the parent . . . is alleged to have committed the abuse or neglect."). We conclude that Brown's suit as to that report has no arguable basis in law under Family Code section 261.201(k) either.

Lastly, Brown appears to be complaining that the trial court erred in not conducting an in camera inspection of the reports, as contemplated by subsection (b) when a party has filed a motion under the subsection for release of documents and has served notice of a hearing on the motion on all interested parties. *See id.* § 261.201(b). However, the record does not show that

---

[3] Brown alleged that the child's date of birth was September 5, 1991, which would make him now 28 years old.

6

Brown filed any such motion, served the requisite notice on all interested parties, or requested that the trial court review the reports in camera. Brown is appealing the trial court's dismissal of his mandamus action under chapter 14. The trial court has made no ruling on a section 261.201(b) motion for us to review because there is no such motion in the record. We overrule Brown's issues on appeal.

## CONCLUSION

The trial court did not abuse its discretion in dismissing Brown's petition for writ of mandamus. Accordingly, we affirm its dismissal order.

_____

Thomas J. Baker, Justice

Before Justices Goodwin, Baker, and Kelly

Affirmed

Filed: August 29, 2019